FILED '11 DEC 15 PM04:53 USBC TN

## UNITED STATES BANKRUPTCY COURT FOR
## THE EASTERN DISRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| STEVE A. MCKENZIE, | * | NO. 08-16378 |
| | * | |
| Debtor, | * | |
| | * | |
| JOHN R. ANDERSON | * | ADV. PROCEEDING |
| | * | NO. _____ |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| RICHARD L. BANKS, | * | JURY DEMAND |
| ANDREW B. MORGAN, | * | |
| RICHARD BANKS & ASSOC, | * | |
| P.C., F. SCOTT LEROY d/b/a | * | |
| LEROY & BICKERSTAFF, | * | |
| F. SCOTT LEROY, LEROY & | * | |
| BICKERSTAFF PLLC, LEROY, | * | |
| HURST & BICKERSTAFF, PLLC | * | |
| C. KENNETH STILL, | * | |
| STEVE A. "TOBY" McKENZIE, | * | |
| | * | |
| Defendants. | * | |

## COMPLAINT

Comes John R. Anderson ("Anderson"), by and through counsel, and for its causes of action against the Defendants alleges and says:

    1.    Plaintiff Anderson is a resident of Hamilton County, Tennessee.

    2.    Defendants Richard L. Banks ("Banks") and Andrew B. Morgan ("Morgan") are attorneys licensed to practice law in the State of Tennessee. Defendant Richard Banks & Associates, P.C. ("Banks Associates") is a professional corporation which has its offices located at 393 Broad Street, N.W., Cleveland, Tennessee 37311.  Upon information and belief, Banks and Morgan are employees of Banks Associates and are residents of Bradley County, Tennessee.

1

3.      Defendant F. Scott LeRoy ("LeRoy") is an attorney licensed to practice law in the

State of Tennessee.  Upon information and belief, between July 1, 2010 and July 28, 2010, LeRoy

was doing business as a general partner in a partnership known as LeRoy & Bickerstaff ("L&B").

Upon information and belief, on or about July 28, 2010, LeRoy became a member of the professional

limited liability company which was known as LeRoy & Bickerstaff, PLLC ("LBP") and is now

known as Leroy, Hurst & Bickerstaff, PLLC (LH&B").  LeRoy, L&B, LBP and LH&B have and/or

had an office located at 920 McCallie Avenue, Chattanooga, Tennessee 37403. Upon information

and belief, LeRoy is a resident of Hamilton County, Tennessee.

4.      Defendant C. Kenneth Still ("Still") is a resident of Hamilton County, Tennessee and

is engaged from time to time as a trustee in cases pending in the U. S. Bankruptcy Court for the

Eastern District of Tennessee.  Still maintains an office at 1110 Market Street, Warehouse Row,

Suite 400, Chattanooga, Tennessee 37402.

5.      Upon information and belief, Defendant Steve A. McKenzie ("McKenzie") is a

resident of Bradley County, Tennessee.

6.      Based upon a prior ruling in U.S. Bankruptcy Court for the Eastern District, Case No.

08-16378 [Docs. 1387 and 1388], jurisdiction and venue should only be in this Court.[1]

## FACTUAL BACKGROUND

7.      On November 20, 2008, an involuntary petition in bankruptcy was filed against

McKenzie in the United States Bankruptcy Court for the Eastern District of Tennessee (the

"Bankruptcy Court") the docket number of which is 08-16378.  On December 20, 2008, McKenzie

filed a voluntary chapter 11 proceeding in the Bankruptcy Court, the docket number of which is 08-

16987. The cases were consolidated for purposes of administration pursuant to an order entered by the Bankruptcy Court on January 16, 2009.

8.    Still was appointed chapter 11 trustee for McKenzie by order of the Bankruptcy Court on February 20, 2009. Still served as chapter 11 trustee until the McKenzie bankruptcy case was converted to chapter 7 by order entered June 14, 2010, at which time Still continued to act as trustee for the chapter 7 proceeding.

9.    LeRoy and the law firm of Evans LeRoy & Hackett, PLLC were retained by Still to serve as attorneys for the trustee in the chapter 11 case by order entered April 3, 2009.

10.    Banks and Banks & Associates were hired by Still as special counsel to litigate certain alleged causes of action on behalf of Still by order of the Bankruptcy Court dated July 3, 2010.

11.    On July 1, 2010, LeRoy filed an application to employ LBP as attorneys for Still as chapter 7 trustee. No Bankruptcy Court order has been entered approving the retention of LeRoy, L&B, LBP and/or LB&H as attorneys for the chapter 7 trustee. Furthermore, upon information and belief, LBP was not even in existence until on or about July 28, 2010.

12.    On or about August 5, 2010, Still, as Trustee for McKenzie, filed, without Bankruptcy Court approval, Adversary Proceeding No. 10-01407 (the "Meritless Bankruptcy Complaint") signed by or on behalf of, Still, LeRoy, LBP, Banks and Banks & Associates against Bowers and other defendants named therein alleging violations of the automatic stay, avoidance of preferences, avoidance of fraudulent transfers, equitable subordination, claims against insiders as well as other allegations and/or claims concerning a December 10, 2008 transfer of property (the "Involved

---

[1] The ruling is on appeal. A complaint was filed contemporaneously in Hamilton County Circuit Court against Defendants McKenzie, Banks, and Banks Associates. That Hamilton County complaint relates in part to this Complaint and splits the Plaintiff's causes of action relative to the referenced Defendants. Based upon the referenced ruling, it appears that is what has to be done.

Property") from Cleveland Auto Mall, LLC ("CAM") to Exit 20 Auto Mall, LLC ("Exit 20"). (A copy of the Meritless Bankruptcy Complaint is attached hereto as <u>Exhibit 1</u>).

13.     The Meritless Bankruptcy Complaint was specifically filed to recover, seize and secure the Involved Property for McKenzie's individual bankruptcy estate. The Meritless Bankruptcy Complaint attached the deed reflecting the December 10, 2008 transfer of the Involved Property. [<u>Exhibit 1</u>, pp. 14, 48-53]. At the time of the December 10, 2008 transfer, CAM, not McKenzie, owned the Involved Property transferred to Exit 20. Prior to his bankruptcy, McKenzie owned a fifty percent (50%) membership interest in CAM. [<u>Exhibit 1</u>, p. 15]. Nelson Bowers, II owned the remaining fifty percent (50%) membership interest in CAM. *Id.*

14.     On **August 6, 2010**, McKenzie and Still, through their attorneys – the Banks Defendants – filed a cause of action styled *Steve A. "Toby" McKenzie and C. Kenneth Still, Trustee v. Nelson Bowers, II; Exit 20 Auto Mall, LLC; John Anderson; and Grant, Konvalinka & Harrison, P.C.*, in Bradley County Chancery Court, Docket No. 2010-CV-251 ("Meritless Bradley Complaint") (copy of the Meritless Bradley Complaint is attached hereto as <u>Exhibit 2</u>) without obtaining the Bankruptcy Court's approval. The Meritless Bradley Complaint includes the following statements (the indented quotes herein are italicized for ease of reference):

<u>***JURISDICTION***</u>

*1.     Contemporaneously with this State Court action, the Plaintiffs have filed in the United States Bankruptcy Court for the Eastern District of Tennessee Southern Division at Chattanooga, **a related case**[2] dealing exclusively with claims that are core to the bankruptcy proceedings in that Court, (attached as Exhibit "11"). The*

---

[2] This is a reference to the Meritless Bankruptcy Complaint, attached hereto as <u>Exhibit 1</u>. As will be further discussed herein, Judge John Cook's December 16, 2010 dismissal of the Meritless Bankruptcy Complaint for failing to state a plausible claim as a matter of law ("Judge Cook's Ruling"), specifically addressed that the two causes of action were based on the "same operative facts." (Copy of the transcript of the December 16, 2010 ruling by Judge Cook dismissing the Meritless Bankruptcy Complaint is attached hereto as <u>Exhibit 10</u>).

*action filed in this Court is exclusively for non-core matters[3] and causes of action(s) that may only be properly heard in this Court.*

2.      *This Court has jurisdiction over this action. Jurisdiction is limited to those issues that are non-core proceedings under the Bankruptcy Code.*

\* \* \*

## *PARTIES*

### *Plaintiff*

4.      **Steve A. "Toby" McKenzie ("McKenzie") brings this case in an individual capacity for the damages he has sustained after the filing of his bankruptcy, which are not part of his bankruptcy estate.** *He joins with the Plaintiff, C. Kenneth Still, Trustee in seeking relief and damages against the defendants for all the pre-petition acts of the defendants.*

### *Defendants*

5.      *Nelson Bowers II (hereinafter referred to as defendant Bowers)...has over approximately the last eight (8) years been a business partner with McKenzie on several joint ventures including, but not limited to, the following:*

   i.      *Sixty (60) acres on Interstate 75, Northwest Quadrant Exit 20, Bradley County, Tennessee*

\* \* \*

6.      *Exit 20 Auto Mall, LLC is a corporation charted in the state of Tennessee with a registered agent of H. Wayne Grant at the law firm of Grant, Konvalinka, and Harrison, PC., 633 Chestnut Street, Suite 900, Chattanooga, Tennessee, 37402-2890. Exit 20 Auto Mall, LLC was chartered by the Secretary of State for the State of Tennessee on December 10, 2008....*

7.      *John Anderson (referred to as "defendant Anderson")... acted as an agent of the defendant Grant, Konvalinka, and Harrison, PC.*

8.      *... At all times material to the facts and issues in this matter, defendant Anderson and defendant Grant, Konvalinka, and Harrison, P.C., acted as a fiduciaries and attorneys for McKenzie.*

---

[3] This statement of the Complaint is consistent with Attorney Banks' statement to Judge Cook during the December 16, 2010 hearing in the Meritless Bankruptcy Action.  (*See* Exhibit 10).

## *FACTUAL BACKGROUND*

9.      *Defendant Anderson and GKH were employed as attorneys for Steve A. "Toby" McKenzie. As his counsel, the firm performed a number of legal services on McKenzie's behalf over the years.*

10.      *As counsel, defendant Anderson and GKH owed a fiduciary duty to McKenzie and held a position of trust with him upon which he relied in his personal and business needs.*

11.      *On March 4, 2005, Cleveland Auto Mall, LLC was chartered with the State of Tennessee. The corporation had two members owning equal shares of 50%: McKenzie and defendant Bowers. Defendant Anderson and GKH prepared and filed the charter for Cleveland Auto Mall, LLC....*

**12.      The assets of Cleveland Auto Mall, LLC consist of approximately sixty (60) acres of land at Exit # 20 at Interstate 75 in Bradley County, Tennessee which is within the corporate boundaries of the City of Cleveland....**

13.      *On August 22, 2008, the charter for Cleveland Auto Mall, LLC was administratively revoked by the state of Tennessee. The charter has never been reinstated.... McKenzie Bankruptcy Estate remains the owner of his equity interest in Cleveland Auto Mall, LLC.*

14.      *For reasons to be shown at trial, Mr. McKenzie's health began to decline and ultimately rendered him, in the later part of 2008, temporarily mentally incapable of managing financial affairs, including conducting business on his own behalf or in relation to Cleveland Auto Mall, LLC.*

\* \* \*

16.      *On November 20, 2008 an Involuntary Chapter 7 Bankruptcy was filed against Steve A. "Toby" McKenzie....*

17.      *On December 9, 2008, McKenzie was admitted to Athens Community Hospital on an emergency basis. Among other medical problems experienced by McKenzie at that time, he was suffering from elevated ammonia in the blood affecting his cognitive and mental abilities. McKenzie left Athens Community Hospital on December 9, 2008, against the advice of his physicians and returned to his home where he was confined to bed rest.*

18.      *On December 10, 2008, defendant Bowers, with others (not including McKenzie), formed a new corporation, Exit 20 Auto Mall, LLC. The legal documents forming this new entity were prepared by defendants Anderson and GKH....These attorneys were at that time attorneys for McKenzie. W.H. Grant of GKH was*

*designated as the registered agent of Exit 20 Auto Mall, LLC. (attached hereto as Exhibit "6").*

*19.     On information and belief it is alleged that the defendant Bowers and others, possibly defendant Anderson are, or were, members and/or owners of the newly formed Exit 20 Auto Mall, LLC.*

*20.     On December 10, 2008, one day after McKenzie was in Athens Community Hospital and the same day defendant Bowers formed Exit 20 Auto Mall, LLC, Bowers came to McKenzie's residence, in Bradley County, Tennessee. McKenzie was still in bed and attempting to recover when Bowers went to McKenzie's bedroom and convinced him to leave his home. Bowers advised Rebecca McKenzie that he was going to take "Toby for a drive around Cleveland." At some point during their drive (which lasted approximately thirty (30) minutes), defendant Bowers obtained McKenzie's signature on a deed conveying McKenzie's interest in the sixty (60) acres to the newly formed corporation owned by Bowers and others. The deed...was prepared by defendants Anderson and GKH. These attorneys were at that time the attorneys for McKenzie, though not acting on his direction in this matter. McKenzie has no recollection of signing the deed in question. At 6:00 p.m. that evening, McKenzie again sought medical attention from his personal physician. Blood was drawn at that time, and the lab report showed ammonia levels to be "critically high" at 450% higher than the "normal range."*

\* \* \*

*23.     Defendant Anderson and Grant, Konvalinka and Harrison along with defendant Bowers conspired to take from McKenzie valuable property by fraud in breach of their joint and individual fiduciary duties to Mr. McKenzie as his counsel and business partner respectively.*

*24.     The Defendants exerted undue influence on the Plaintiff in order to have the deed signed.*

\* \* \*

*26.     In April of 2010, McKenzie notified the firm of GKH and Defendant Anderson individually that he believed their representation of Nelson Bowers, II during the period after the commencement of his bankruptcy and their continued representation of defendant Bowers to date constituted a conflict of interest and a breach of their fiduciary duty to McKenzie. At that time, McKenzie demanded his files from the firm and that they cease their representation of defendant Bowers.*

*27.     The firm, and defendant Anderson, refused to provide McKenzie with his files. They also declined to withdraw as counsel for defendant Bowers and it is McKenzie's belief that they continue to represent Bowers, thereby continuing the conflict of*

*interest relationship and exacerbating the already grievous act of breach of fiduciary duty.*

## CAUSES OF ACTION

### Count I- Breach of Fiduciary Duty/Conflict of Interest

### (Defendants Bowers, Anderson, and GKH)

28.     The Plaintiff incorporates by reference all of his general allegations including all allegations in paragraphs 1 through and including 27 as if fully set forth herein and pleads in addition, or in the alternative, the following:

29.     The Defendants, John Anderson and Grant, Konvalinka and Harrison, (GKH), owed a fiduciary duty to Steve A. "Toby" McKenzie as his personal legal counsel.

30.     Defendants' fiduciary duty to McKenzie included the duty of loyalty to ensure they were free of conflicts of interest in representing McKenzie.

31.     The Defendants, John Anderson and GKH, breached their fiduciary duties by:

1.   Creating an entity solely for the purpose of receiving property of an estate after the commencement of bankruptcy proceedings and thereby knowingly violating the Automatic Stay in an attempt to defraud creditors;

2.   Drafting documents not in the best interest of their client, Steve A. McKenzie without conferring and counseling with their client and without proper instruction;

3.   Facilitating the transfer of valuable property against the interest of one client (McKenzie) to the benefit of another client (Bowers) who were adversely positioned in the transaction;

4.   Failing to properly disclose the conflict of interest to Mr. McKenzie and advising him to seek independent counsel once the interests of defendant Bowers were at odds with McKenzie;

5.   Remaining as counsel for Bowers after being notified by McKenzie of his discovery of the conflict of interest and his desire that the firm no longer represent Bowers.

32.     The defendants were collectively the dominant parties in a confidential or fiduciary relationship with McKenzie and exercised undue influence, as outlined in the complaint, in matters of his personal and business finances.

33.     As a result of professional negligence, fraud, civil conspiracy and legal malpractice, defendant Anderson and Grant, Konvalinka and Harrison (GKH) benefited to the detriment of his client, McKenzie.

34.     As a result of the actions of the Defendants, the Plaintiffs have suffered monetary damages.

35.     McKenzie is therefore entitled to punitive damages against the defendants to the fullest extent permitted under Tennessee law.

*  *  *

### Count III- Civil Conspiracy

### (Defendants Bowers, Anderson, GKH, and Exit 20 Auto Mall, LLC)

43.     The Plaintiff incorporates by reference all of his general allegations including all allegations in paragraphs 1 through and including 42 as if fully set forth herein and pleads in addition, or in the alternative, the following:

44.     Defendant Bowers, Defendant Anderson and GKH conspired to commit a fraudulent transfer which was not only unlawful, in that it violated the automatic stay under 11 U.S.C. § 362 of the Bankruptcy Code, but the act was undertaken to cause injury to McKenzie and his Bankruptcy Estate.

45.     Exit 20 Auto Mall, LLC was formed for the express furtherance of the conspiracy and as a corporate entity is liable as a co-conspirator.

46.     On information and belief, the Plaintiff alleges that both defendant Bowers and defendant Anderson are, or were, business partners in the newly formed Exit 20 Auto Mall, LLC. The defendants gained substantially as a result of their acts against McKenzie.

47.     The defendants were each aware of the other's role and worked in concert to achieve the fraud.

48.     The overt act committed in the conspiracy was the drafting of the deed by GKH and defendant Anderson for the benefit of defendant Bowers and Anderson to defraud McKenzie of valuable property.

49.     Specifically, the alleged conspiracy is as follows:

(a) *Defendant Bowers and defendant Anderson and GKH, were aware of McKenzie's mental instability and financial troubles.*

(b) *Defendant Bowers became alarmed that the involuntary bankruptcy might endanger his 50% share in Cleveland Auto Mall, LLC and the sixty (60) acres of valuable land he owned with McKenzie.*

(c) *Defendant Bowers conspired on December 10, 2008 with defendant Anderson at the law offices of Grant, Konvalinka, and Harrison to form a new corporation, Exit 20 Auto Mall, LLC, which would not be tied to McKenzie's personal problems and would protect defendant Bowers' stake in the property they co-owned.*

(d) *Upon information and belief, the Plaintiff alleges that Anderson was not only the attorney who chartered Exit 20 Auto Mall, LLC but also became a member, officer, shareholder, agent, or other participant who benefited from the newly formed corporation.*

(e) *Exit 20 Auto Mall, LLC was formed for the exclusive purpose of giving the appearance of validity to what would otherwise be an obviously fraudulent act, namely the transfer of assets from a corporation that could be administered by the Bankruptcy Estate to one that could not*

(f) *GKH at the instruction of defendant Bowers and Exit 20 Auto Mall, LLC drafted a deed conveying the entire assets from Cleveland Auto Mall, LLC to Exit 20 Auto Mall, LLC.*

(g) *Defendant Bowers then exerted undue influence and took advantage of McKenzie's diminished capacity to have Mr. McKenzie sign the deed as an officer of Cleveland Auto Mall, LLC.*

(h) *Working in concert, the Defendants defrauded McKenzie, the bankruptcy estate and Cleveland Auto Mall, LLC.*

50.    *As a result of the actions of the Defendants, the Plaintiffs have suffered monetary damages.*

51.    *McKenzie is therefore entitled to punitive damages against the defendants to the fullest extent permitted under Tennessee law.*

(Exhibit 2). [Footnotes added]. [Emphasis added].

15.    On October 8, 2010, Anderson filed a Motion to Dismiss the Meritless Bankruptcy

Complaint on the basis that such complaint failed to state a plausible claim for which relief may be

granted. (Copy of such motion and supporting memorandum is attached hereto as Collective Exhibit

3.) Nelson E. Bowers, II's ("Bowers") memorandum supporting his motion specifically stated that

"no facts are included in the [Meritless Bankruptcy] Complaint demonstrating that property of the [bankruptcy] estate was transferred..." and that Still, as Trustee, therefore, was not entitled to avoid the December 10, 2008 transfer of the Involved Property and recover the Involved Property on behalf of McKenzie's individual bankruptcy estate. [*See* Collective Exhibit 3].

16.     Instead of dismissing the Meritless Bankruptcy Complaint, Still and his attorneys (LeRoy Defendants and Banks Defendants) filed a response and brief in opposition to Anderson's Motion to Dismiss on October 27, 2010, and reasserted their baseless claim that the Involved Property that was to be seized through the Meritless Bankruptcy Complaint "was property of the [bankruptcy] estate." [*See* Exhibit 4].

17.     On November 3, 2010, Bowers filed a reply to Still and his attorneys' (LeRoy Defendants and Banks Defendants) response to Anderson's Motion to Dismiss the Meritless Bankruptcy Complaint reasserting that there was no basis for Still and his attorneys' (LeRoy Defendants and Banks Defendants) claim that the Involved Property was property of McKenzie's individual bankruptcy estate. [*See* Exhibit 5].

18.     On or about November 5, 2010, Bowers and Exit 20 filed a Motion to Dismiss the Meritless Bradley Complaint based upon the failure of McKenzie and Still's Complaint to state a plausible claim upon which relief may be granted pursuant to Tenn. R. Civ. P. 12(b)(6). (Copy of Bowers/Exit 20's Motion to Dismiss is attached hereto as Exhibit 6). Bowers and Exit 20's Motion to Dismiss requested the court to dismiss each and every count of the Meritless Bradley Complaint based upon the reasons stated in their Motion to Dismiss and their supporting memorandum, which was incorporated by reference into their motion to dismiss. (*See* Exhibits 6 and 7). The memorandum filed in support of Bowers/Exit 20's Motion to Dismiss the Meritless Bradley Complaint noted that at the time of the December 10, 2008 property transfer, the Involved Property

was owned by CAM, rather than McKenzie and, thus, was not property of McKenzie's individual

bankruptcy estate. (*See* Bowers and Exit 20's Memorandum, attached hereto as <u>Exhibit 7</u>).

19.    On or about November 10, 2010 Morgan entered an appearance in the Meritless

Bankruptcy Complaint by filing a response and a brief on behalf of Still to a Motion for Judgment on

the Pleadings filed by another defendant in the Meritless Bankruptcy Complaint case.    In these

pleadings, Defendant Morgan reasserted Still and his attorneys (LeRoy Defendants and Banks

Defendants) baseless claim that the Involved Property was a part of McKenzie's individual

bankruptcy estate. (The response/supporting brief field by Defendant Morgan are attached hereto as

<u>Collective Exhibit 8</u>).

20.    On December 16, 2010, Bankruptcy Court Judge John Cook granted Anderson and

the other Defendants' motions (including the motion filed by Grant, Konvalinka & Harrison, P.C.

("GKH")) to dismiss the Meritless Bankruptcy Complaint for failure to state a plausible claim upon

which relief could be granted.[4] [*See* Order of Dismissal entered December 16, 2010, attached hereto

as <u>Exhibit 9</u> and transcript of Judge Cook's Ruling, attached hereto as <u>Exhibit 10</u>].

21.    The transcript of Judge Cook's Ruling dismissing all claims in the Meritless

Bankruptcy Complaint [<u>Exhibit 10</u> hereto], in relevant part, states as follows, italicized for ease of

reference:

> *The Trustee's complaint contained six counts. Count 1 seeks avoidance of a post-petition transfer under 11 U.S.C. § 549(a).  Also, the count seeks the imposition of sanctions against various defendants for alleged stay violations. <u>See</u> 11 U.S.C. § 362(k).*

---

[4] The Meritless Bankruptcy Complaint adversary proceeding was assigned to Judge John Cook due to the conflict of interest of the Bankruptcy Court presiding over this matter as the Meritless Complaint proceeding included a defendant which had previously been represented in other matters by the law firm in which the Bankruptcy Court presiding over this matter was a member.

Counts 2 and 5 both seek avoidance on preference grounds under 11 U.S.C. § 547(b).

Count 3 also seeks and avoidance under state law, as permitted by 11 U.S.C. § 544(b).

Count 4, relying on 11 U.S.C. § 510(c), asserts that the defendants' interests should be subordinated based on their actions relating to the various transfers.

Finally, Count 6, challenges the validity of a lien placed on the property, which the Trustee seeks to recover.

Although these counts generally state different causes of action, all but Count 4 share a common element.  Under each count the plaintiff must show some action, a transfer or other interference, taken against either "property of the estate," "property of the debtor," or "an interest of the debtor in property." See 11 U.S.C. § 362(a)(3) ("any…act to exercise control over property of the estate"); Id. § 547(b) ("transfer of any interest of the debtor in property"); Id. § 549(a) ("transfer of property of the estate"). **Thus, the initial question is whether the pleadings adequately allege any action taken against property of the debtor or of the debtor's bankruptcy estate.**

The gravamen of the complaint is directed at various transfers of real estate owned by Cleveland Auto Mall, LLC according to the allegations of the complaint. Cleveland Auto Mall is a limited liability company organized under Tennessee law of which both the debtor and Mr. Bowers are 50 percent owners. Thus, upon the filing of the petition the debtor's 50 percent ownership interest in Cleveland Auto Mall, LLC became part of the debtor's bankruptcy estate. Id. § 541(a)(1).

**The complaint, however, does not allege a transfer of the debtor's ownership interest in the limited liability company. Instead, it bases its causes of action upon alleged transfers of property owned by the LLC.**  According to the complaint, Cleveland Auto Mall, LLC owned 60 acres of property. Ten acres of this property were sold to NBR TOY Properties, LLC, a company that Mr. Bowers controls. The entire 60 acres were also allegedly transferred post-petition and under allegedly dubious circumstances by Cleveland Auto Mall, LLC to Exit 20 Auto Mall, LLC. To the extent that the Trustee's complaint suggests that the transfers were from the debtor to defendant Bowers, those assertions will be ignored. A written instrument attached to the pleading controls over factual assertions to the contrary. 5A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1327; 2 James Moore, et al., Moore's Federal Practice ¶ 10.05[5] (3d ed.).

The warranty deeds attached to the complaint, Exhibits 9 and 12, show that the transfers were from Cleveland Auto Mall, LC to NBR TOY Properties and Exit 20. The Trustee's various counts are all directed at reversing these transfers and

*securing* this property for the debtor's bankruptcy estate. **The question is whether this real property of Cleveland Auto Mall, LLC, can be properly called "property of the estate," "property of the debtor," or an "interest of the debtor in property**.*"...Absent a countervailing federal interest the determination of what constitutes "property" turns on state law. <u>Butner v. United States</u>, 440 U.S. 48 at 55 (1979). Like other states Tennessee law recognizes that a limited liability company has an existence apart from its members. <u>Cambio Health Solutions LLC v. Reardon</u>, 213 S.W.3d 785 at 790-791 (Tenn. 2006). Courts have respected this state delineation of property rights and have held that the property of a debtor-owned entity does not come into the debtor's estate. <u>Peyton v. Farris (In re Farris)</u>, 41 F.3d 1506 (6th Cir. 1994), <u>available at</u> 1994 WL 673640, \*5 ("For bankruptcy purposes a partnership or joint venture is generally recognized as a separate and distinct entity from its partners. Assets held as partnership property are not part of an estate of a bankrupt partner and thus, "[a] transfer of partnership property by a bankrupt partner does not constitute a voidable preference merely because the transferring partner held legal title").*

*The only possible wrinkle in this proceeding is that the complaint alleges that Cleveland Auto Mall was administratively dissolved on August 22, 2008, before the alleged transfer of the real estate took place. Nevertheless, this does not alter the result because Tennessee law explicitly provides that even a dissolved LLC continues its existence as a separate entity. Tenn. Code Ann. § 48-245-302(c) ("An LLC administratively dissolved continues its existence but may not carry on any business except that necessary to wind up its business and affairs under Section 48-245-501 and notify claimants under Section 48-245-502"). <u>Id</u>. § 48-245-501(d) ("permitting as part of winding up sale or other disposition of all or substantially all of the property and assets of a dissolved LLC").*

*Consequently, when Cleveland Auto Mall, LLC, was administratively dissolved the property of the limited liability company did not suddenly vest in the debtor. Rather, under Tennessee law it remained the separate property of Cleveland Auto Mall, LLC. <u>See also id</u>. § 48-24-105(b)(1) (**expressly** stating that "[d]issolution of a corporation does not...[t]ransfer title to the corporation's property").*

***In short, the Court concludes that based on the allegations of the complaint the alleged real property transfers only involved property of Cleveland Auto Mall, LLC, and not property of the estate, property of the debtor, or an interest of the debtor in property. Therefore, the Trustee has failed to state a plausible claim for relief with respect to Counts 1, 2, 3, 5 and 6.***

***Additionally, because the pleadings demonstrate no actions against property of the estate or the debtor the Court also finds the complaint insufficient to support a claim for equitable subordination.*** <u>See Bayer Corporation v. MascoTech, Inc.</u>, (<u>In re Autostyle Plastics, Inc.</u>), 269 F.3d 726 at 744 (6th Cir. 2001) (setting out elements of

*an equitable subordination claim).   Thus, Count 4 also fails to state a plausible claim.*

*In conclusion, the Court will grant the motions to dismiss and the motion for summary or motion for judgment on the pleadings and will enter an order dismissing this adversary proceeding.*

22.    On January 4, 2011, a co-defendant in the Meritless Bradley Complaint case, filed a "Notice" with the Bradley County Chancery Court. (Copy of January 4, 2011 Notice is attached hereto as <u>Exhibit 11</u>).  The Memorandum filed in support of Bowers/Exit 20's Motion to Dismiss the Meritless Bradley Complaint noted that at the time of the December 10, 2008 property transfer, the Involved Property was owned by CAM, rather than McKenzie and, thus, was not property of McKenzie's individual bankruptcy estate. (*See* Bowers and Exit 20's Memorandum, attached hereto as <u>Exhibit 7</u>). The January 4 Notice further stated:

*As grounds for such requested relief, in addition to **the memorandum filed by Defendants Bowers and Exit 20**..., [Defendants] hereby attach and rely upon the December 16, 2010 order entered by John C. Cook, United States Bankruptcy Judge, and attach the transcript of Judge Cook's announcement of the ruling dismissing all claims in that cause of action (**with the same operative facts as in this case**).  This order is final because the time to file an appeal has expired.*

(*See* <u>Exhibit 11</u>).

23.    Even if McKenzie, Still, and their attorneys (the Banks Defendants) did not know that the Meritless Bradley Complaint failed to state a plausible and/or recoverable cause of action at the time of its filing, Judge Cook's Ruling unquestionably notified McKenzie, Still, and their attorneys (Banks Defendants) that the Meritless Bradley Complaint was not plausible and lacked probable cause as a matter of law.  Despite such indisputable notice, McKenzie, Still, and their attorneys (the Banks Defendants) elected to continue to prosecute, rather than dismiss, the Meritless Bradley Complaint by filing Plaintiffs' [McKenzie and Still] Memorandum of Authority on January 5, 2011. [*See* copy of Plaintiff's [McKenzie and Still] Memorandum of Authority attached hereto as <u>Exhibit</u>

12] and a Motion for Joinder of Indispensable Plaintiff (CAM). [*See* copy of such Motion attached hereto as <u>Exhibit 13</u>].

24.    Because of the continued refusal of McKenzie, Still, and their attorneys (Banks Defendants) to dismiss the Meritless Bradley Complaint, despite the clear preclusive effect of Judge Cook's Ruling, a motion to compel McKenzie and Still to respond to discovery requests addressing all claims asserted by McKenzie, Still, and their attorneys (Banks Defendants) in the Meritless Bradley Complaint case was filed on January 7, 2011. [*See* copy of Motion to Compel, attached hereto as <u>Exhibit 14</u>].   In light of McKenzie and Still's continued prosecution of the case despite Judge Cook's December 16, 2010 ruling, Bowers and Exit 20 filed responses to McKenzie and Still's Motion to Join Indispensable Plaintiff (CAM). [Copy of Bowers/Exit 20's response is attached hereto as <u>Exhibit 15</u>).

25.    Additionally, Nelson E. Bowers II ("Bowers"), Exit 20 and the other defendants in the Meritless Bradley Complaint case were forced to file responses to McKenzie and Still's Memorandum of Authority. [Copy of Response to McKenzie and Still's Memorandum of Authority which Bowers and Exit 20 adopted are attached hereto respectively as <u>Exhibit 16</u> and <u>Exhibit 17</u>).   The Response to McKenzie and Still's Memorandum of Authority, which Bowers and Exit 20 adopted, included factual statements relative to the Meritless Bradley Complaint claims and factual statements of the status of Tennessee law applicable to the Meritless Bradley Complaint at the time of the filing of the Meritless Bradley Complaint on August 6, 2010 and at **the time of the filing of McKenzie and Still's Memorandum of Authority on January 5, 2011**, in relevant part, as follows:

> *At the conclusion of the December 14, 2010 hearing on Defendants' respective Motions to Dismiss, the Court informed the parties that the Court was taking the motions under advisement.*   (See excerpts from the December 14, 2010 motion

*hearing transcript, attached hereto as Exhibit 1, p. 27). The Court also requested the parties forward to the Court copies of the cases upon which the parties relied in their respective motions and responses that were addressed at such hearing. (Exhibit 1, p. 17-18, 27-28).*

**On January 3, 2011, Anderson and GKH forwarded to the Court copies of the cases relied upon by the Defendants in support of their respective Motions to Dismiss via a letter in compliance with the Court's instructions. Plaintiffs, on the other hand, filed with the Court a document entitled "Plaintiffs' Memorandum of Authority" ("Plaintiffs' Memorandum")** *which Anderson and GKH respectfully submit is not in accordance with the Court's specific instructions, but also includes information and arguments that are not contained in Plaintiffs' Complaint. As the Court stated during the December 14, 2010 hearing, the Court should not consider such information/arguments in addressing the Defendants' respective Motions to Dismiss. (See Exhibit 1, pp. 12-13).[5] Plaintiffs' continued submission of non-public record information should be considered as evidence that Plaintiffs' Complaint is deficient as a matter of law and should thereby be dismissed.*

\* \* \*

**...The Motion to Dismiss filed on behalf of Defendants Bowers and Exit 20 requests the dismissal of all claims. In light of Judge Cook's ruling dismissing all claims in that Bankruptcy Court cause of action, with the same operative facts and subject matter as in this case – the December 10, 2008 property transaction.... If Plaintiff McKenzie did not own the property involved in the December 10, 2008 transaction, as Judge Cook ruled in his now final order, there is no basis for the claims asserted against any of the Defendants in Plaintiffs' cause of action presently before this Court. Plaintiffs' Memorandum offers no argument against the preclusive effect of Judge Cook's ruling upon this pending cause of action.**

(*See* Exhibit 16 hereto).

26.     The preclusive effect of Judge Cook's Ruling in the Meritless Bankruptcy Action upon the merits of the Meritless Bradley Complaint was clear and should have required McKenzie, Still and their attorneys (Banks Defendants) to dismiss all of the claims asserted in the Meritless Bradley Complaint.

---

[5] The only exception to such prohibition is that "[a] Court **may** consider public records without converting a Rule 12(b)(6) motion into a Rule 56 motion." See *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008) (emphasis added); see also *Coffelt v. Amer. Frozen Foods, Inc.*, No. 1:10-CV-69, 2010 WL 4238005, at \*2 (E.D.Tenn. Oct. 21, 2010) (Taking judicial notice of matters of

27.     Despite having no reasonable expectation of a fair chance of success in the Meritless Bradley Complaint, McKenzie, Still, and their attorneys (the Banks Defendants) still refused to dismiss their Meritless Bradley Complaint even after Bowers and the other defendants specifically argued the preclusive effect of Judge Cook's Ruling on the pending Meritless Bradley Complaint case.

28.     On January 26, 2011, Chancellor Bryant entered the following Order:

*This cause came to be heard on the 14th day of December, 2010, upon the Defendants' Motion to Dismiss* **aspects of the Plaintiffs' Complaint based on breach of fiduciary duty and conflict of interest**. *Plaintiffs, in response to the Motion to Dismiss, filed an Affidavit and a Memorandum of Authority after which the Defendants likewise filed a Memorandum of Authority. When a Rule 12 Motion is argued and proof is taken, such proof in this case being an Affidavit, this changes the Motion from a 12.06 Motion to Dismiss to a Motion for Summary Judgment. However, the Affidavit in this case is not sufficient to raise the issue of tolling of the Statute of Limitations under the case law in Tennessee.* **Therefore, the Complaint of Plaintiffs that alleges breach of fiduciary duty and conflict of interest arising out of signing of a deed on December, 2008 are hereby dismissed because these two causes of action have a one year Statute of Limitations**.

[*See* copy of Chancellor Bryant's January 26, 2011 Order, attached hereto as Exhibit 18].

29.     Even after the entry of the January 26, 2010 Order, McKenzie, Still and their attorneys (Banks Defendants) continued to refuse to dismiss what claims remained in the Meritless Bradley Complaint despite the preclusive effect of Judge Cook's Ruling. As a result of such refusal, a Request to Docket was filed for a hearing on February 22, 2011, of the previously filed Motion to Compel McKenzie and Still to respond to discovery, along with McKenzie and Still's Motion to Join Indispensable Plaintiff (CAM) and the remaining claims addressed in Bowers, Exit 20 and the other defendants' Motions to Dismiss all claims based in part upon Judge Cook's Ruling. [*See* copy of Request to Docket, attached hereto as Exhibit 19].

---

public record does not convert a Rule 12(b) motion into a Rule 56 motion).

30.    Before any motions or matters were heard on the February 22, 2011 hearing, McKenzie and Still, through their attorneys (the Banks Defendants), made the following "announcement" to the Court:

> THE COURT: All right. What is the agreement?
> MR. BANKS: You Honor, the announcement in the matter of McKenzie versus various defendants in this matter is as follows: The Court ruled, I think, in the order entered January 26th as to a dismissal of two causes of action, and there's an issue raised by Mr. Norwood as to whether or not that was a full and final dismissal as to all defendants as to all counts.
>    We have agreed, subject to Your Honor's approval, to submit an order which clarifies Your Honor's order which would state that that order is final as to all defendants and it's to all counts, but the finality of that order would not go from the January 26, 2011 date. It would go from the date of entry of this amended revised order for purposes of appeal.
> THE COURT: Okay. You're going to put that language in there?
> MR. BANKS:  In the order. And likewise, with that order being entered, Mr. Konvalinka's motion to compel discovery would become moot. That would be in the order. And my motion to join an indispensable party would be withdrawn without prejudice.
> THE COURT: Okay. Anything else?
> MR. BANKS: No, Your Honor. Thank you.
> THE COURT: Thank you.
> MR. KONVALINKA: Thank you, Your Honor
>    (End of proceedings).

[See copy of February 22, 2011, motion hearing transcript, attached hereto as Exhibit 20].

31.    Based on McKenzie, Still and their attorneys' (Banks Defendants) above-stated February 22, 2011 announcement to the Court, Chancellor Bryant entered the following order on March 4, 2011:

> Upon agreement between Plaintiffs and Defendants, as evidenced by the signatures of their counsel below, and with the Court having been advised by announcement in open court by Plaintiff's counsel on February 22, 2011 (attached hereto), the Plaintiffs and Defendants have agreed to the following:
>
> That the Court's order entered on January 26, 2011, is modified so that the dismissal is as to all defendants and as to all counts in the complaint; and

*That the time period as to the finality of the Order of Dismissal would not start on the January 26, 2011 date but would begin on the date of entry of this Order; and*

*That Plaintiff's Motion for Joinder of Indispensible Plaintiff, dated January 5, 2011, is hereby WITHDRAWN WITHOUT PREJUDICE; and*

* * *

*That Plaintiffs are responsible for any and all court costs, for which execution may issue, if necessary; and*

*That Plaintiffs shall have thirty (30) days from entry of this Agreed Order to file a notice of appeal.*

[*See* copy of March 4, 2011 Order, attached hereto as <u>Exhibit 21</u>].  No appeal was filed.

32.     McKenzie, Still, and their above-described attorneys knew and/or reasonably should have known they were wrongfully exercising rights that they did not hold and that the Involved Property, upon which the Meritless Bankruptcy Complaint and the Meritless Bradley Complaint claims were entirely based, was not owned by McKenzie and was not property of McKenzie's individual bankruptcy estate.  Still and his previously described attorneys never obtained permission from the Bankruptcy Court to file and pursue the Meritless Bankruptcy Complaint and/or the Meritless Bradley Complaint.   As a result of such circumstances, Still and his above-described attorneys exceeded Still's authority as Trustee in both of those causes of action, thereby subjecting Still and his above-described attorneys to liability and to the jurisdiction of state courts relative to any claims against them as a result of their conduct described herein.

## <u>FIRST CAUSE OF ACTION</u>

### <u>Malicious Prosecution</u>

33.     Anderson restates and incorporates the allegations contained in paragraphs 1 through 32 of this Complaint.

34.     McKenzie, Still and their previously described attorneys maliciously prosecuted, by filing and/or continuing to prosecute for ulterior motives, the Meritless Bankruptcy Complaint and the Meritless Bradley Complaint against Bowers when such claims were unsupportable factually and as a matter of law.  McKenzie, Still and their previously described attorneys' allegations in the Meritless Bankruptcy Complaint and the Meritless Bradley Complaint did not state a cause of action for which relief could be granted, and had McKenzie, Still and/or their previously described attorneys properly and diligently conducted an investigation, they would have known, and/or should have known, that no claim existed against Anderson. Also, McKenzie, Still and/or their previously described attorneys should have known as a matter of law that there was no valid claim against Bowers based on the facts alleged in the Meritless Bankruptcy Complaint and Meritless Bradley Complaint.  As a result, McKenzie, Still, and their previously described attorneys lacked probable cause to file, and/or continue to pursue, the Meritless Bankruptcy Complaint and the Meritless Bradley Complaint.

35.     McKenzie, Still and their previously described attorneys did not have a reasonable basis to believe that the applicable law supported their efforts in the Meritless Bankruptcy Complaint and/or the Meritless Bradley Complaint against Anderson.  The unambiguous status of the law was that the Involved Property, which the Meritless Bankruptcy Complaint and the Meritless Bradley Complaint were filed to seize, recover, and/or address, was not owned by McKenzie and was not property of McKenzie's individual bankruptcy estate.  (*See* Exhibits 9 and 10; Tenn. Code Ann. § 48-215-101).  One of the most basic fundamental tenets of bankruptcy law is that the determination of what constitutes property of a bankruptcy individual, and his bankruptcy estate, turns on state law. (*See* Transcript of Judge Cook's Ruling, Exhibit 10).

36.     Even a mere cursory review and investigation of readily available public documents and Tennessee applicable law (particularly the plain and unambiguous language of *Tenn. Code Ann.* § 48-215-101 and the deed attached to the Meritless Bankruptcy Complaint and the Meritless Bradley Complaint), prior to the filing of the Meritless Bankruptcy Complaint and the Meritless Bradley Complaint and/or during the course of such actions, would have revealed that, at the time of the transfer of the Involved Property, CAM (the LLC) owned the Involved Property, not McKenzie. Accordingly, the Involved Property was not property of McKenzie or his individual bankruptcy estate, thereby establishing that neither McKenzie nor Still had probable cause to file and/or to continue to pursue the Meritless Bankruptcy Action or the Meritless Bradley Complaint. (*See also* Judge Cook's Ruling statements as to the applicable law and ruling in the Meritless Bankruptcy Action, Exhibit 10).

37.     Even if McKenzie, Still, and/or their previously described attorneys were not aware of the above-described matters at the time the Meritless Bradley Complaint was filed, they irrefutably were placed on notice of such problems with the Meritless Bradley Complaint once Judge Cook's Ruling was announced dismissing the Meritless Bankruptcy Complaint on December 16, 2010.

38.     Judge Cook's Ruling statements relative to the facts and status of the applicable law in dismissing the Meritless Bankruptcy Complaint on the merits confirms Anderson's claims that it was unreasonable for McKenzie, Still, and/or their previously described attorneys to believe that there was any chance, much less a sound chance, that the claims asserted in the Meritless Bankruptcy

Complaint and the Meritless Bradley Complaint may be held legally valid.[6]  Despite being fully

aware of the preclusive effect of Judge Cook's Ruling, which was not appealed, McKenzie, Still and

their attorneys (Banks Defendants), nevertheless, continued to prosecute the Meritless Bradley

Complaint.

39.    Judge Cook's recitation of law factually, and as an unambiguous matter of law,

establishes that, at the time McKenzie, Still and their previously described attorneys filed the

Meritless Bankruptcy Complaint and the Meritless Bradley Complaint, there was no legal authority

to support the "threshold" legal requirement of the Meritless Bankruptcy Complaint and the

Meritless Bradley Complaint's claims that the Involved Property was property of McKenzie, or

perhaps even more importantly, McKenzie's individual bankruptcy estate.

40.    Accordingly, McKenzie, Still and/or their previously described attorneys, before filing

the Meritless Bankruptcy Complaint and the Meritless Bradley Complaint, should have known that

the law cited in Judge Cook's Ruling precluded a reasonable belief that the Meritless Bankruptcy

Complaint and the Meritless Bradley Complaint's claims against Bowers and the other defendants

therein had any chance to be held legally valid.

41.    Additionally, Chancellor Bryant also dismissed certain claims in the Meritless

Bankruptcy Complaint case based upon the expiration of the applicable statute of limitations.  The

law in Tennessee in existence at the time the Meritless Bradley Complaint was filed unambiguously

---

[6] As to whether Judge Cook's Ruling comments relative to a "possible wrinkle in the proceeding" (Cleveland Auto Mall being administratively dissolved at the time the transfer took place) should cause one to "reasonably believe that there was a sound chance" that such situation may cause the Meritless Bankruptcy Complaint and the Meritless Bradley Complaint claims to be held legally valid, Judge Cook answered any such question in his December 16, 2010 ruling by reciting the unambiguous statutory language of *Tenn. Code Ann.* § 48-24-105(b)(1) that, according to Judge Cook, "**expressly** stat[es] that '[d]issolution of a corporation does not…[t]ransfer title to the corporation's property.'" (Exhibit 10). (Emphasis added).

time-barred such claims based on the face of McKenzie, Still and their attorneys' (Banks

Defendants) Meritless Bradley Complaint.  (*See* Exhibits 6, 7, 16 and 17).

42.     McKenzie, Still and their previously described attorneys, prior to filing the Meritless

Bankruptcy Complaint and the Meritless Bradley Complaint, either (1) recklessly failed to conduct

even the most basic research on the most fundamental, consequential and threshold legal issue

involved in those actions (whether the Involved Property was property of McKenzie and/or his

individual bankruptcy estate); or (2) performed such research but intentionally and/or willfully chose,

nonetheless, to disregard the clear, unambiguous status of the law in existence at that time and

continue their efforts to extort settlement proceeds from Anderson and/or the other defendants in

such meritless complaints for reasons unrelated to the merits of such claims or for other ulterior

purposes.[7]

43.     The Meritless Bankruptcy Complaint and the Meritless Bradley Complaint were

brought with malice with a wish to annoy and/or for an improper or wrongful motive and in an

attempt to extort settlement proceeds from Anderson in hopes that Anderson would pay to avoid the

expense and publicity of litigation. [*See* Case No. 1:08-bk-16378, Doc. 1306-1; Exhibit 22 hereto].

44.     The malice of McKenzie, Still and their previously described attorneys should, at

least, be inferred due to the absence of probable cause to file and/or continue to prosecute the

Meritless Bankruptcy Complaint and the Meritless Bradley Complaint, particularly in choosing to

continue prosecuting the Meritless Bradley Complaint despite the preclusive effect of Judge Cook's Ruling and factual statements of legal authority supporting such ruling as existed at the time the Meritless Bankruptcy Complaint and the Meritless Bradley Complaint were filed.

45.     Additional evidence of malice in filings and/or continuing to prosecute the Meritless Bankruptcy Complaint and the Meritless Bradley Complaint include the following:

1) McKenzie, Still and their attorneys, prior to filing the Meritless Bankruptcy Complaint and the Meritless Bradley Complaint, either (1) recklessly failed to conduct even the most basic research on the most fundamental, consequential and threshold legal issue involved in those complaints (whether the Involved Property was property of the bankruptcy estate); or (2) performed such research but intentionally and/or willfully chose, nonetheless, to disregard the clear, unambiguous status of the law in existence at that time and continue their efforts to extort settlement proceeds from Anderson and the other defendants named in such meritless complaints for reasons unrelated to the merits of such claims or for other ulterior purposes; and/or

2) A reasonable person would need to look no further than the face of the Meritless Bradley Complaint to see that certain claims asserted therein were barred by the applicable statute of limitations.

---

[7] Even if it was reasonable at the time of the Meritless Bankruptcy Complaint and the Meritless Bradley Complaint's filing for McKenzie, Still and their previously described attorneys to believe that there was a sound chance that the claims may be held legally valid, McKenzie, Still and their attorneys were obviously placed on notice of the legal shortcomings of the Meritless Bradley Complaint upon the issuance of Judge Cook's Ruling and the filing of defendant therein's motions to dismiss and supporting pleadings.   McKenzie, Still and their attorneys (Banks Defendants), nonetheless, continued to prosecute the Meritless Bradley Complaint after receiving clear notice from Judge Cook's Ruling that there was no legal basis to support the Meritless Bradley Complaint's

46.    Judge Cook's Ruling dismissing the Meritless Bankruptcy Complaint for failure to state a plausible claim was a final and favorable termination of that cause of action in favor of Bowers and the other defendants therein. [*See* Exhibits 9 and 10].    As a result of Still and his previously described attorneys' (Leroy Defendants and Banks Defendants) willful and malicious acts in filing and/or continuing to pursue the Meritless Bankruptcy Complaint filed against Bowers, Bowers has incurred substantial attorneys' fees and costs in an amount to be shown at trial.

47.    The circumstances leading to the dismissal of the Meritless Bradley Complaint demonstrate that the dismissal of that cause of action was based on its lack of merit and was a final and favorable termination of that action in favor of Bowers and the other defendants therein.  On or about November 5, 2010, Bowers and Exit 20 filed their own Motion to Dismiss based upon the failure of the Meritless Bradley Complaint to state a claim upon which relief could be granted. (*See* Exhibit 6).  **As a result, a motion requested the Court to dismiss each and every count of the Meritless Bradley Complaint.** *Id.*  Bowers and Exit 20's Memorandum in support of such motion asserted that the Involved Property was not owned by McKenzie and was not property of McKenzie's individual bankruptcy estate. (*See* Exhibits 6 and 7).

48.    On January 4, 2011, a "Notice" was filed in the Meritless Bradley Complaint case notifying all parties and the Court that other defendants joined in Bowers and Exit 20's motion to dismiss and requested **the same relief** asserted in Bowers and Exit 20's Motion to Dismiss and supporting memorandum (dismissal of all counts/claims) based upon the preclusive effect of Judge Cook's Ruling dismissing the Meritless Bankruptcy Action because the Involved Property, which was the subject matter of both cases with the same operative facts, was not owned by McKenzie and,

claims.

therefore, was not property of McKenzie's individual bankruptcy estate. [*See* Exhibits 6 and 7, and 10).

49.     On January 5, 2011, McKenzie, Still and their attorneys (Banks Defendants) filed a Memorandum of Authority addressing Anderson, Bowers, Exit 20 and other defendants' pending motions to dismiss and a Motion for Joinder of Indispensable Plaintiff (CAM). [*See* Exhibits 12 and 13).

50.     As a result of McKenzie, Still and their attorneys' (Banks Defendants) refusal to dismiss all claims of the Meritless Bradley Complaint despite the preclusive effect of Judge Cook's Ruling, on January 18, 2011, a response was filed to McKenzie, Still and their attorneys' Memorandum of Law, which Anderson adopted, that asserted **all** of McKenzie and Still's claims should be dismissed in light of the preclusive effect of Judge Cook's Ruling and/or at least certain of McKenzie and Still's claims (breach of fiduciary duty and legal malpractice) were barred by the applicable statute of limitation based upon the face of the Meritless Bradley Complaint. [*See* Exhibits 15 - 17).

51.     On January 26, 2011, Chancellor Bryant entered the following Order:

*This cause came to be heard on the 14th day of December, 2010, upon the Defendants' Motion to Dismiss **aspects of the Plaintiffs' Complaint based on breach of fiduciary duty and conflict of interest**. Plaintiffs, in response to the Motion to Dismiss, filed an Affidavit and a Memorandum of Authority after which the Defendants likewise filed a Memorandum of Authority. When a Rule 12 Motion is argued and proof is taken, such proof in this case being an Affidavit, this changes the Motion from a 12.06 Motion to Dismiss to a Motion for Summary Judgment. However, the Affidavit in this case is not sufficient to raise the issue of tolling of the Statute of Limitations under the case law in Tennessee. Therefore, the Complaint of Plaintiffs that alleges **breach of fiduciary duty and conflict of interest arising out of signing of a deed on December, 2008 are hereby dismissed because these two causes of action have a one year Statute of Limitations.***

(Exhibit 18) [Emphasis added].

52.     Even after the entry of the January 26, 2010 Order, McKenzie, Still and their attorneys (Banks Defendants) continued to refuse to dismiss what claims remained in the Meritless Bradley Complaint despite the preclusive effect of Judge Cook's Ruling upon what actions remained. As a result of such refusal, a request was made to schedule a hearing on February 22, 2011 of the Motion to Compel McKenzie and Still to respond to discovery, Still's Motion to Join Indispensable Plaintiff (CAM) Anderson and Bowers' motion to dismiss all claims based in part upon Judge Cook's Ruling. [*See* Exhibit 19].

53.     Before any motions or matters were argued at the February 22, 2011 hearing, McKenzie and Still's attorneys (Banks Defendants), faced with the prospect of GKH and Bowers' motions to dismiss about to be heard, made the following "announcement" to the Court:

> *THE COURT: All right. What is the agreement?*
> *MR. BANKS: You Honor, the announcement in the matter of McKenzie versus various defendants in this matter is as follows: The Court ruled, I think, in the order entered January 26th as to a dismissal of two causes of action, and there's an issue raised by Mr. Norwood as to whether or not that was a full and final dismissal as to all defendants as to all counts.*
>
> *We have agreed, subject to Your Honor's approval, to submit an order which clarifies Your Honor's order which would state that that order is final as to all defendants and it's to all counts, but the finality of that order would not go from the January 26, 2011 date. It would go from the date of entry of this amended revised order for purposes of appeal.*
> *THE COURT: Okay. You're going to put that language in there?*
> *MR. BANKS: In the order. And likewise, with that order being entered, Mr. Konvalinka's motion to compel discovery would become moot. That would be in the order. And my motion to join an indispensable party would be withdrawn without prejudice.*
> *THE COURT: Okay. Anything else?*
> *MR. BANKS: No, Your Honor. Thank you.*
> *THE COURT: Thank you.*
> *MR. KONVALINKA: Thank you, Your Honor*
> *(End of proceedings).*

(*See* Exhibit 20).

54.    Based on McKenzie, Still and their attorneys' (Banks Defendants) above-stated February 22, 2011 announcement to the Court, Chancellor Bryant entered the following order on March 4, 2011:

> *Upon agreement between Plaintiffs and Defendants, as evidenced by the signatures of their counsel below, and with the Court having been advised by announcement in open court by Plaintiff's counsel on February 22, 2011 (attached hereto), the Plaintiffs and Defendants have agreed to the following:*
>
> *That the Court's order entered on January 26, 2011, is modified so that the dismissal is as to all defendants and as to all counts in the complaint; and*
>
> *That the time period as to the finality of the Order of Dismissal would not start on the January 26, 2011 date but would begin on the date of entry of this Order; and*
>
> *That Plaintiff's Motion for Joinder of Indispensible Plaintiff, dated January 5, 2011, is hereby WITHDRAWN WITHOUT PREJUDICE; and*
>
> \* \* \*
>
> *That Plaintiffs are responsible for any and all court costs, for which execution may issue, if necessary; and*
>
> *That Plaintiffs shall have thirty (30) days from entry of this Agreed Order to file a notice of appeal.*

(Exhibit 21).  No appeal was filed of the dismissal of all claims of the Meritless Bradley Complaint, and the time to do so has expired.

55.    McKenzie, Still and their attorneys' (Banks Defendants) long overdue abandonment and/or termination of the above-described Meritless Bradley Complaint claims in favor of Anderson and the other defendants were not accompanied by a compromise or a settlement, or accomplished in order to refile the action in another forum.

56.    In light of the above-described circumstances, the March 4, 2011 Bradley County Chancery Court Order constitutes a "final and favorable termination" of what meritless claims remained against Bowers and the other defendants following the entry of the above-described

January 26, 2011 order, particularly in light of McKenzie, Still and their attorneys (Banks Defendants) announcing the dismissal of such claims immediately before Anderson and the other defendants' motions to dismiss, based on the preclusive effect of Judge Cook's Ruling, was to be heard.

57.     As a result of McKenzie, Still and their previously described attorneys' (Banks Defendants) willful and malicious acts in filing and/or continuing to pursue the Meritless Bradley Complaint filed against Anderson, Anderson has incurred substantial attorneys' fees and costs in an amount to be shown at trial.

## SECOND CAUSE OF ACTION

### Abuse of Process

58.     Anderson restates and incorporates all allegations contained in paragraphs 1 through 32 of the Complaint.

59.     In the Meritless Bankruptcy Proceeding, Still and his attorneys (LeRoy Defendants and Banks Defendants), subsequent to the filing of the Meritless Bankruptcy Complaint, improperly used the judicial process for the ulterior purpose of attempting to extort money from Anderson and other defendants even though there was no reasonable basis, as a matter of law, for Still and his attorneys (LeRoy Defendants and Banks Defendants) to believe that they were entitled to the relief sought in the Meritless Bankruptcy Complaint or their subsequent use of judicial process. [*See* Exhibit 22].

After motions to dismiss were filed by Anderson and other Defendants in the Meritless Bankruptcy Complaint proceeding stating that the Involved Property was not owned by McKenzie and not part of his individual bankruptcy estate, nonetheless, Still and his attorneys (LeRoy Defendants and Banks Defendants) continued to prosecute and file pleadings even though any

30

question had been resolved as to whether Still and his attorneys (LeRoy Defendants and Banks Defendants) had been put on notice that there was no legal support for the Meritless Bankruptcy Complaint's claims. [*See* Exhibits 3, 4, 5, and 8]. A reasonable inference therefore arises that Still and his attorneys (LeRoy Defendants and Banks Defendants) elected to use such subsequent pleadings and efforts in continuing to pursue the Meritless Bankruptcy Complaint's claims against Anderson for the sole purpose of continuing to extort money from Bowers for reasons other than the merits of their Meritless Bankruptcy Complaint. Anderson suffered damages as a direct and proximate result of Still and his attorneys' (LeRoy Defendants and Banks Defendants) willful and malicious acts, in filing the Meritless Bankruptcy Complaint and in filing subsequent pleadings to continue to pursue that action, in that Anderson has incurred substantial fees and costs to defend the unjustified Meritless Bankruptcy Complaint in an amount to be shown at trial.

60. As stated previously, McKenzie, Still and their attorneys (Banks Defendants) filed pleadings subsequent to the initiation of the Meritless Bradley Complaint , despite the preclusive effect of Judge Cook's Ruling, in their efforts to continue to prosecute the Meritless Bradley Complaint against Anderson and improperly used the judicial process for an ulterior purpose. McKenzie, Still and their attorneys (Banks Defendants) knew that they were not entitled to the relief sought in the Meritless Bradley Complaint and were attempting to extort money from Bowers and the other defendants therein by the improper use of the judicial process.

61. After motions to dismiss were filed by Anderson [*See* Exhibits 6 and 7] and other Defendants [Exhibit 11 and Exhibit 16] in the Meritless Bradley Complaint proceeding, McKenzie, Still and their attorneys (Banks Defendants), nonetheless continued to prosecute and file pleadings allegedly supporting the Meritless Bradley Complaint [Exhibits 12 and 13) even though any question had been resolved by Judge Cook's Ruling as to whether McKenzie, Still and their attorneys (Banks

Defendants) had knowledge that there was no legal support for the Meritless Bradley Complaint's claims relative to the Involved Property.

62.    At the least, a reasonable inference arises that McKenzie, Still and their attorneys (Banks Defendants) elected to use such subsequent pleadings and efforts in continuing to pursue the Meritless Bradley Complaint for the sole purpose of continuing to extort money from Anderson and other defendants for reasons other than the merits of their Meritless Bradley Complaint.

63.    Anderson suffered damages as a direct and proximate result of McKenzie, Still and their attorneys' (Banks Defendants) willful and malicious acts, in filing the Meritless Bradley Complaint and in filing subsequent pleadings to continue to pursue that action, in that Anderson has incurred substantial fees and costs to defend the unjustified Meritless Bradley Complaint in an amount to be shown at trial.

WHEREFORE, premises considered, Anderson prays:

a.    For a trial by jury;

b.    Damages in the amount of compensatory damages to be shown at trial;

c.    Punitive damages based upon the Defendants' willful and malicious actions in an amount to be determined by the jury;

d.    Interest on the damages awarded at the legal rate;

e.    Costs of suit to be taxed to the Defendants; and

f.    Such other appropriate relief to which Anderson may be entitled.

Respectfully submitted,

John R. Anderson, Plaintiff (BPR #010732)
100 Hampton Road
Signal Mountain, TN  37377
Telephone:    (423) 756-8400
Facsimile:    (423) 756-0643

P:\Folders I-Z\JRA\Adversary\Adversary Complaint.doc