**SIGNED this 22nd day of August, 2012**

_____
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TENNESSEE
## SOUTHERN DIVISION

In re:

STEVEN McKENZIE                                       No. 08-16378
a/k/a Toby McKenzie                                   Chapter 7

      Debtor;

JOHN R. ANDERSON,

      Plaintiff,

v.                                                    Adversary Proceeding
                                                      No. 11-1170

RICHARD L. BANKS, ANDREW
B. MORGAN, RICHARD BANKS &
ASSOC., P.C., F. SCOTT LEROY
d/b/a LEROY & BICKERSTAFF,
F. SCOTT LEROY, LEROY &
BICKERSTAFF,PLLC, LEROY,
HURST & BICKERSTAFF, PLLC
and C. KENNETH STILL, and STEVE

A. "TOBY" McKENZIE

        Defendants.

## MEMORANDUM

Defendants Richard L. Banks, Andrew B. Morgan, and Richard Banks & Assoc., P.C. (collectively "Banks Defendants") move this court to dismiss certain claims of Plaintiff John R. Anderson ("Anderson" or "Plaintiff") and to remand others to Bradley County Circuit Court in this adversary proceeding. [Doc. No. 63].[1] The court has already dismissed Defendants F. Scott LeRoy d/b/a LeRoy & Bickerstaff, F. Scott LeRoy, LeRoy & Bickerstaff, PLLC, LeRoy, Hurst & Bickerstaff PLLC, and C. Kenneth Still ("Trustee") from this adversary proceeding. [Doc. Nos. 48, 49]. Plaintiff opposes the motion of the Banks Defendants and incorporates his opposition briefing pertaining to the motions to dismiss by the LeRoy Defendants and the Trustee. [Doc. Nos. 69, 26, 36].

The court has reviewed the briefing filed by the parties, the pleadings at issue, and the applicable law and makes the following findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052. Anderson's claims relating to Adversary Proceeding No. 10-1407 are identical to claims brought by Grant Konvalinka & Harrison, P.C. ("GKH") against the Banks Defendants in Adversary Proceeding 11-1016 that this court has previously dismissed. Therefore, for the reasons previously stated as discussed below, the court will DISMISS Plaintiff's claims against the Banks Defendants on the basis of immunity as they relate to the Banks Defendants' role in prosecuting Adversary Proceeding 10-1407 (the "50 Acre Lawsuit"). *See* [Adv. Proc. No. 11-1016, Doc. Nos. 68, 69; Adv. Proc. No. 11-1121, Doc. Nos. 14, 15].

---

[1] All citations to docket entries pertain to docket entries for Adversary Proceeding 11-1170, unless otherwise noted.

However, because the court does not have the authority to remand a case that was never removed from state court and because Anderson's Complaint alleges sufficient facts to state a claim for malicious prosecution and abuse of process against the Banks Defendants for their role as counsel for the debtor Steve A. McKenzie ("Debtor") in prosecuting a civil action filed in Bradley County, Tennessee Chancery Court, Docket No. 2010-CV-251 ("Malpractice Lawsuit"), the court will DENY the Banks Defendants' motion to dismiss as it pertains to the prosecution of the Malpractice Lawsuit.

### I. Background Facts

#### A. Summary of Related Litigation

The court has reviewed substantially similar facts involving these same parties in several other memoranda filed in both the main bankruptcy case and in separate adversary proceedings involving similar allegations, as well as in this adversary proceeding. *See e.g.* [Doc. No. 48]; [Adv. Proc. 11-1016, Doc. No. 68]; [Bankr. Case No. 08-16378, Doc. Nos. 1199, 1387]; [Adv. Proc. 11-1121, Doc. Nos. 14, 16]. In addition, the parties have incorporated many of their arguments from prior briefing for the motion and opposition here. Therefore, in the interest of judicial economy, the court will incorporate much of its findings of fact and legal analysis from these other rulings by reference as noted below. *See* [Doc. No. 48]; [Bankr. Case No. 08-16378, Doc. No. 1199, pp. 1-5; Doc. No. 1387, pp. 2-8]; [Adv. Proc. No. 11-1121, Doc. No. 16, pp. 5-14; Doc. No. 14, pp. 2-12]; [Adv. Proc. No. 11-1016, Doc. No. 68].

The court has previously determined that:

> The record reveals that Anderson filed his complaint ("Complaint") on December 16, 2011. [Doc. No. 1]. The Complaint asserts that Anderson is a resident of Hamilton County, Tennessee. He was an agent and partner of GKH who also served as the Debtor's attorney.

Defendants Banks and Morgan are attorneys who are affiliated with defendant Richard Banks & Associates, P.C. Mr. Banks represented the Debtor, Steven McKenzie, in the Debtor's main bankruptcy case. Defendant F. Scott LeRoy is also an attorney. He was formerly a general partner with the law firm of LeRoy & Bickerstaff. The Complaint asserts that Mr. LeRoy became a member of a professional limited liability company known as LeRoy & Bickerstaff, PLLC around July 28, 2010, and that the company is now called LeRoy, Hurst & Bickerstaff, PLLC. Defendant C. Kenneth Still is the trustee in the Debtor's main bankruptcy case. *See* Complaint, ¶¶ 1-4.

On November 20, 2008 a group of petitioning creditors filed an involuntary petition in bankruptcy against the Debtor in this court. *See* [Bankruptcy Case No. 08-16378, Doc. No. 1]. On December 10, 2008 the Debtor in his capacity as one of the two members of CAM [Cleveland Auto Mall, LLC] executed a deed on behalf of CAM which conveyed 50 acres of real property to another limited liability company, Exit 20 Auto Mall, LLC. The Debtor had no ownership in Exit 20 Auto Mall, LLC; however, his partner [in CAM] Nelson E. Bowers II, had an interest in Exit 20 Auto Mall, LLC. On December 20, 2008 the Debtor filed a Chapter 11 voluntary petition for bankruptcy, Bankruptcy Case No. 08-16987. On January 16, 2009 this court consolidated the two bankruptcy cases. [Bankruptcy Case No. 08-16378, Doc. No. 33]. The Debtor operated as a debtor-in-possession until a trustee was appointed.

The court appointed Mr. Still Chapter 11 trustee for the Debtor on February 20, 2009. [Bankruptcy Case No. 08-16378, Doc. No. 140]. The court converted the case to a Chapter 7 case on June 14, 2010, and Mr. Still continued as the Chapter 7 trustee. [Bankruptcy Case No. 08-16378, Doc. No. 789].

On April 3, 2009 the court granted the Trustee's application to employ the law firm of Evans LeRoy & Hackett, PLLC as his local counsel. [Bankruptcy Case No. 08-16378, Doc. No. 238]. On July 1, 2010 this court granted the Trustee's application to employ Mr. Banks as special litigation counsel to pursue action against Anderson among others. [Bankruptcy Case No. 08-16378, Doc. No. 806].

The Trustee brought two lawsuits against Anderson arising from the transactions between CAM and Exit 20 Auto Mall, LLC. In this adversary proceeding Anderson asserts that both lawsuits were maliciously prosecuted and abused process. The first lawsuit on which Anderson relies was filed against Anderson and others on August 5, 2010 by the Trustee. Adversary Proceeding 10-1407 ("50 Acre Lawsuit"). *See* [Adv. Proc. No. 10-1407, Doc. No. 1 ("50 Acre Complaint")]. Mr. LeRoy signed the 50 Acre Complaint on behalf of the Trustee.

The 50 Acre Complaint alleged five categories of claims against Anderson: 1) violation of the automatic stay; 2) avoidance of preferences; 3)

avoidance of fraudulent transfers; 4) equitable subordination; and 5) claims against insiders. The 50 Acre Complaint alleged that Anderson assisted other defendants, GKH and Bowers, to create an entity to receive property of the Debtor's bankruptcy estate after the filing of the involuntary petition in bankruptcy in violation of the automatic stay pursuant to 11 U.S.C. § 362.

The factual allegations all relate to events surrounding the December 10, 2008 member interest transfer of fifty acres of real estate in Bradley County from CAM to Exit 20 Auto Mall, LLC. The Trustee brought all five claims against GKH, Anderson, and Bowers.

The court has reviewed the alleged facts underlying the 50 Acre Complaint in several other opinions, and the court hereby incorporates its prior recitation of such facts by reference. *See* [Bankr. Case No. 08-16378, Doc. Nos. 1199, 1387]; [Adv. Proc. No. 11-1016, Doc. No. 68, pp. 3-6]; [Adv. Proc. No. 11-1121, Doc. No. 14, pp. 2-12; Doc. No. 16, pp. 5-14]. The court hereby incorporates its factual findings relating to the 50 Acre Lawsuit as described in its memorandum pertaining to Adversary Proceeding Number 11-1016 ("50 Acre M/P Lawsuit"). *See* [Adv. Proc. No. 11-1016, Doc. No. 68].

The second lawsuit on which Anderson relies was one brought in Bradley County Chancery Court, on August 6, 2010, by the Trustee and the Debtor, Docket No. 2010-CV-251, against Anderson; Exit 20 Auto Mall, LLC; GKH; and Bowers ("Malpractice Lawsuit"). *See* [Adv. Proc. No. 11-1121, Doc. No. 1-3, Ex. 1 ("Malpractice Complaint")]. The Trustee and the Debtor asserted causes of action against Anderson and other defendants, including GKH, for breach of fiduciary duty, conflict of interest and civil conspiracy. *Id.*

The Malpractice Complaint was resolved by an order of the Chancery Court finding that the Statute of Limitations had run on the claims for breach of fiduciary duty and conflicts of interest arising from the execution of the deed in December 2008. [Doc. No. 1-18, Order of Chancellor Bryant Entered January 26, 2011]. The remaining claims were voluntarily dismissed by the Debtor and the Trustee. *See* [Doc. No. 1-21, Agreed Order Clarifying Court's Order Entered January 26, 2011 and Resolving Two Pending Motions and Hearing Transcript from February 22, 2011]. GKH was the first defendant to bring a malicious prosecution case against the Trustee, the Debtor and their joint counsel, the Banks Defendants, based on the prosecution of the Malpractice Lawsuit, Adversary Proceeding No. 11-1121 ("GKH Malpractice M/P Lawsuit"). The court dismissed that action as to the Trustee on the basis that the Trustee had immunity in bringing the Malpractice Complaint. [Adv. Proc. No. 11-1121, Doc. Nos. 14, 15].

[Doc. No. 48, pp. 3-6].

GKH has actually brought three malicious prosecution suits: one in bankruptcy court for the 50 Acre Lawsuit and two for the Malpractice Lawsuit of which it brought one in bankruptcy court and one in Hamilton County Circuit Court. The Trustee removed the Hamilton County lawsuit to bankruptcy court and sought dismissal of the Trustee from all three on the basis of immunity. GKH moved to remand the Hamilton County lawsuit or in the alternative to consolidate the two cases involving the Malpractice Lawsuit. The Plaintiff, one of GKH's co-defendants in both suits, has chosen to bring only one malicious prosecution suit in bankruptcy court with separate counts for the 50 Acre Lawsuit and the Malpractice Lawsuit.

The court dismissed the Trustee and the LeRoy Defendants on immunity grounds. It abstained and remanded the claims against the Banks Defendants and the Debtor arising from the Malpractice Lawsuit to the Hamilton County Circuit Court. In addressing GKH's motion to remand in the GKH Malpractice M/P Lawsuit, the court determined that the doctrine of immunity did not apply to all of the actions of the Banks Defendants as the Banks Defendants represented both the Debtor and the Trustee. *See* [Adv. Proc. No. 11-1121, Doc. No. 16, p. 40].

Anderson now brings this adversary proceeding asserting the same claims as GKH in the Malpractice M/P Lawsuit and the GKH 50 Acre M/P Lawsuit against the Trustee, his counsel, the Debtor, and counsel for the Debtor and the Trustee. As noted *supra*, the court has dismissed the claims against the Trustee and the LeRoy Defendants. As this court has recounted the exact allegations that have led to Anderson's claims against the Defendants many times, the court hereby incorporates by reference its findings of fact made in these prior memoranda relating to the: (1) Debtor's main bankruptcy case; (2) the GKH Malpractice M/P Lawsuit brought by GKH against the Trustee, the Debtor, and the Banks Defendants, Adversary Proceeding Nos. 11-1121

and 11-1118; and (3) the GKH 50 Acre M/P Lawsuit, Adversary Proceeding No. 10-1407; and (4) this adversary proceeding. *See* [Bankr. Case No. 08-16378, Doc. No. 1199, pp. 1-5; Doc. No. 1387, pp. 2-8]; [Adv. Proc. No. 11-1121, Doc. No. 16, pp. 5-14; Doc. No. 14, pp. 2-12]; [Adv. Proc. No. 11-1016, Doc. No. 68]; [Doc. Nos. 60, 61].

> B. **Similarities Between Anderson's Claims and Arguments and GKH's Claims and Arguments Raised in the 50 Acre M/P Lawsuit and the GKH Malpractice M/P Lawsuit**

In his Complaint Anderson alleges malicious prosecution and abuse of process claims against the Banks Defendants for their role in prosecuting the 50 Acre Lawsuit and the Malpractice Lawsuit. The Complaint quotes extensively from the Malpractice Complaint and discusses the facts pertaining to the dismissal of the 50 Acre Lawsuit. [Doc. No. 1]. It also quotes extensively from the hearing pertaining to the dismissal of the 50 Acre Lawsuit. The Complaint further discusses the Defendants' failure to dismiss the Malpractice Lawsuit following the bankruptcy court's dismissal of the 50 Acre Lawsuit. Anderson's Complaint recounts the resolution of the Malpractice Lawsuit following the dismissal of the 50 Acre Lawsuit. Anderson asserts that the Defendants lacked probable cause for their actions, in much the same way that GKH asserted lack of probable cause in the 50 Acre M/P Lawsuit and the GKH Malpractice M/P Lawsuit. Anderson alleges in his Complaint that the defendants failed to conduct research into the basic law behind their claims and brought such claims in an attempt to extort settlement proceeds from Anderson. *Id.* at pp. 23-24. These allegations mirror the allegations that GKH made against the Defendants in the 50 Acre M/P Lawsuit and the GKH Malpractice M/P Lawsuit.

The Banks Defendants now move to dismiss any remaining claims against them in their capacity as counsel for the Trustee in prosecuting the 50 Acre Lawsuit and the Malpractice Lawsuit. They further move to remand Anderson's claims against them in their capacity as counsel for the Debtor to Circuit Court of Bradley County, Tennessee. [Doc. No. 63]. Anderson responds by incorporating the arguments he made in response to the motions to dismiss of the Trustee and the LeRoy Defendants. [Doc. No. 69]. He also notes that the Banks Defendants do not differentiate between their representation of the Trustee and their representation of the Debtor and further asserts that the court does not have the authority to grant the relief requested by the Banks Defendants.

## II.    Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must "treat as true all of the well-pleaded allegations of the complaint." *Bower v. Federal Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996)). In addition, a court must construe all allegations in the light most favorable to the plaintiff. *Bower*, 96 F.3d at 203 (citing *Sinay v. Lamson & Sessions*, 948 F.2d 1037, 1039 (6th Cir. 1991)).

The Supreme Court has explained "an accepted pleading standard" that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1969 (2007). The complaint " 'must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.' " *Allard v. Weitzman*

*(In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

In *Twombly* the Supreme Court emphasized that:

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, . . . Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

127 S.Ct. at 1964-65 (citations omitted). *See also, Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986) (noting that "[a]lthough for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation").

### III. Analysis

This court has analyzed the immunity and remand issues raised in this motion to dismiss in at least two other adversary proceedings—once in the memorandum granting the Trustee's motion to dismiss the GKH 50 Acre M/P Lawsuit and again in the order granting the Trustee's motion to dismiss the GKH Malpractice M/P Lawsuit and abstaining from hearing the remaining claims. *See* [Adv. Proc. No. 11-1016, Doc. No. 68, pp. 7-26; Adv. Proc. No. 11-1121, Doc. No. 14, pp. 13-38]. Therefore, the court declines to include all of its prior related analysis in this memorandum and refers the reader to its prior memoranda for more detailed analysis.

### A. The Banks Defendants' Request to Dismiss Claims Relating to the 50 Acre Lawsuit

The GKH 50 Acre M/P Lawsuit pertains to malicious prosecution and abuse of process claims against the Banks Defendants with respect to the 50 Acre Complaint. In its memoranda

granting the Trustee's and the LeRoy Defendants' motions to dismiss this adversary proceeding and the memorandum dismissing the GKH 50 Acre M/P Lawsuit, the court found that the Trustee has a duty to investigate the financial affairs of the Debtor and to take action to recover assets for the benefit of the estate. The pursuit of the claims in the 50 Acre Lawsuit against Anderson arise out of the same facts as the claims pursued against GKH and constitute actions taken within the scope of the Trustee's duties. Although the Trustee was unsuccessful, because the prosecution of the lawsuit was within the scope of his duties, the court determined that the Trustee is entitled to immunity. The court adopts the authorities cited and reasoning expressed in its memorandum opinion entered on August 12, 2011 in the 50 Acre M/P Lawsuit. [Adv. Proc. 11-1016, Doc. No. 68]; *Grant, Konvalinka & Harrison, P.C. v. Banks et al. (In re McKenzie)*, No. 11-1016, 2011 WL 3585622, at *5-18 (Bankr. E.D. Tenn. Aug. 12, 2011). Based on that analysis, the court also finds that the Banks Defendants, as counsel for the Trustee in the 50 Acre Lawsuit, are also immune. *Lowenbraun v. Canary (In re Lowenbraun)*, 453 F.3d 314, 320 (6th Cir. 2006). The court will GRANT the Banks Defendants' motion to dismiss with respect to their role as counsel for the Trustee in prosecuting the 50 Acre Lawsuit. The court hereby incorporates its legal analysis from its memoranda pertaining to the Trustee's and the LeRoy Defendants' motion to dismiss this adversary proceeding and the dismissal of the GKH 50 Acre M/P Lawsuit. [Doc. No. 48, pp. 13-16]; [Adv. Proc. No. 11-1016, Doc. No. 68, pp. 7-26].

    **B.**     **The Banks Defendants' Request to Dismiss and/or Remand Claims Pertaining to the Malpractice Lawsuit**

The Banks Defendants also seek dismissal of claims against them for their role as counsel for the Trustee in prosecuting the Malpractice Lawsuit and seek remand to Bradley County

Circuit Court of Anderson's claims against them in their role as counsel for the Debtor with respect to the Malpractice Lawsuit.

The court will first address its ability to remand Anderson's claims against the Banks Defendants for their actions taken as counsel for the Debtor in the Malpractice Lawsuit. 28 U.S.C. § 1452 governs removal of actions relating to bankruptcy and remand:

> (a) A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
>
> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. . . .

28 U.S.C. § 1452. The Plaintiff filed this case in this court and did not initiate the lawsuit in state court. *See* [Doc. No. 1]. Therefore, there is no state court case for this court to remand to Bradley County Circuit Court or any other circuit court. For example, in *Allied Signal Recovery Trust v. Allied Signal, Inc.*, the Third Circuit noted: "'Remand means 'send back.' It does not mean 'send elsewhere.' The only remand contemplated by the removal statute is a remand 'to the State court from which it was removed.'" 298 F.3d 263, 270 (3d Cir. 2002) (quoting *Bloom v. Barry*, 755 F.2d 356, 358 (3d Cir. 1985)). In addition, "the sending of a case to a stranger court is clearly an unauthorized exercise of judicial power." *Allied Signal Recovery Trust*, 298 F.3d at 270. As the Third Circuit noted in discussing both remand under 28 U.S.C. § 1147(d) and 28 U.S.C. § 1452(b): "Under both statutes, a court has authority to send a case back to the state court where it originated. A district court does not have authority to 'remand' a case to a stranger court. Such an order would be entered without legal authority." *Id. See also, Reynolds v. Harris-Spicer*, No. 1:05-cv-527, 2007 WL 1657406, at *4 (W.D. Mich. June 7, 2007) (noting that it would be

improper for the court to remand the case to state court as "[n]othing in the record indicates that this case was ever in state court").

This adversary proceeding is not one that began in Bradley County Circuit Court. This court has no authority to send this case to a "stranger" court. The Banks Defendants' motion to remand will be DENIED.

The Banks Defendants further suggest that all of Anderson's claims against them relating to their actions taken while representing the Trustee should be dismissed on the grounds of immunity. While the court agrees that it can dismiss claims against the Banks Defendants relating to the 50 Acre Lawsuit on immunity grounds, it does not find that it can dismiss claims against the Banks Defendants for their actions taken in prosecuting the Malpractice Lawsuit.

As this court explained in its memorandum pertaining to GKH's motion for remand in the GKH Malpractice M/P Lawsuit, Adversary Proceeding No. 11-1118 and Adversary Proceeding No. 11-1121, it is difficult to separate the actions taken by the Banks Defendants in their capacity as counsel for the Debtor from actions taken in their capacity as counsel for the Trustee:

> The court finds that it is feasible to separate the claims against the Trustee from the claims against the Debtor. It is much more difficult to separate the claims against the Banks Defendants to the extent that those claims and the defenses to those claims may depend on which role the Banks Defendants were playing at any time during the Malpractice Lawsuit litigation. However, the court could sever the proceeding into those two roles – (1) Banks' role as counsel for the Trustee and (2) Banks' role as counsel for the Debtor – and perhaps a third role. The third role would be the Banks Defendants being held liable separate and apart from either the Trustee or the Debtor. Since it is only the Banks Defendants the court must consider in its permissive abstention analysis, the court concludes that it could sever GKH's remaining claims for malicious prosecution and abuse of process from only the Banks Defendants' actions as counsel for the Trustee. To the extent that the Banks Defendants may wish to raise the bankruptcy defense of immunity, they could do so, but would have to demonstrate what actions were taken on behalf of the Trustee and could address the bankruptcy issues related to probable cause [to file the Malpractice Lawsuit]. Any other defense would be related to

>their representation of the Debtor and could be severed from the bankruptcy adversary proceeding.

[Adv. Proc. No. 11-1121, Doc. No. 16, pp. 47-48].

In addition, in the Malpractice Complaint, the parties differentiated their interests by noting that the Debtor "brings this case in an individual capacity for the damages he has sustained after the filing of his bankruptcy, which are not part of his bankruptcy estate. He joins with the Plaintiff, C. Kenneth Still, Trustee in seeking relief and damages against the defendants for all the pre-petition acts of the defendants." [Doc. No. 1-2, Malpractice Complaint, p. 2, ¶ 3]. There are no actions taken on behalf of the Trustee alone. In the Malpractice Lawsuit the Banks Defendants represented both the Debtor and the Trustee. Almost every single factual allegation made in the Malpractice Lawsuit relates to events occurring post-petition at a time when the Banks Defendants were seeking recovery for the Debtor.

There is no doctrine of immunity that protects the Banks Defendants for their actions taken while representing the Debtor. In considering the allegations made by Anderson, the court finds no point at which the Banks Defendants were representing only the Trustee. Therefore, the court cannot dismiss any of the claims against the Banks Defendants relating to the Malpractice Lawsuit based on immunity grounds based on the pleadings.

The court concludes that Anderson's Complaint in this adversary proceeding is sufficient to allege claims of malicious prosecution and abuse of process given that there is no defined subset of the Banks Defendants' actions relating to the Malpractice Lawsuit which were solely for the Trustee. The Banks Defendants' motion to dismiss claims against them relating to their actions representing the Trustee in the Malpractice Lawsuit will therefore be DENIED.

**IV.     Conclusion**

As stated *supra*, the court will GRANT IN PART and DENY IN PART the Banks Defendants' motion to dismiss and remand. The court will GRANT the Banks Defendants' motion to dismiss Anderson's claims against them relating to their representation of the Trustee in the 50 Acre Lawsuit. The court will DENY the Banks Defendants' motion for remand and will DENY the Banks Defendants' motion to dismiss Anderson's claims brought against them relating to their representation of the Trustee in the Malpractice Lawsuit.

A separate order will enter.

# # #