**SIGNED this 3rd day of October, 2012**

                         _____
                         Shelley D. Rucker
                         UNITED STATES BANKRUPTCY JUDGE

_____

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION**

| | |
|---|---|
| In re: | |
| STEVEN McKENZIE<br>a/k/a Toby McKenzie | No. 08-16378<br>Chapter 7 |
| Debtor; | |
| JOHN R. ANDERSON, | |
| Plaintiff, | |
| v | Adversary Proceeding<br>No. 11-1170 |
| RICHARD L. BANKS, ANDREW<br>B. MORGAN, RICHARD BANKS &<br>ASSOC., P.C., F. SCOTT LEROY<br>d/b/a LEROY & BICKERSTAFF,<br>F. SCOTT LEROY, LEROY &<br>BICKERSTAFF,PLLC, LEROY,<br>HURST & BICKERSTAFF, PLLC | |

1

and C. KENNETH STILL, and STEVE
A. "TOBY" McKENZIE

       Defendants.

## MEMORANDUM

The Defendants F. Scott LeRoy, LeRoy & Bickerstaff, LeRoy & Bickerstaff, PLLC, and LeRoy, Hurst & Bickerstaff, PLLC (collectively the "LeRoy Defendants") and Defendant C. Kenneth Still ("Trustee") move this court to certify its order issued on May 18, 2012 (Doc. No. 49, "Order")[1] as final pursuant to Federal Rule of Civil Procedure 54(b) made applicable to bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7054. [Doc. No. 58]. Plaintiff John R. Anderson ("Plaintiff" or "Anderson") has failed to respond to the motion to certify.

The court has reviewed the briefing filed by the LeRoy Defendants and the Trustee and has determined that it will GRANT the LeRoy Defendants' and the Trustee's joint motion to certify this court's order of May 18, 2012 as final pursuant to Federal Rule of Civil Procedure 54(b).

    **I.**    **Background**

    **A.**    **Rulings in This Adversary Proceeding**

Plaintiff Anderson filed this adversary proceeding on December 16, 2011 against the LeRoy Defendants, the Trustee, and Richard L. Banks, Andrew B. Morgan, Richard Banks & Assoc., P.C., (collectively the "Banks Defendants") and debtor Steve A. "Toby" McKenzie (the "Debtor"). [Doc. No. 1]. Anderson's complaint asserted claims of malicious prosecution and abuse of process against all of the defendants for their role in prosecuting an adversary proceeding against Plaintiff in this court, Adversary Proceeding No. 10-1407 ("50 Acre

---

[1] All docket entry references refer to docket entries for Adversary Proceeding No. 11-1170, unless otherwise noted.

Lawsuit"). It further asserted claims of malicious prosecution and abuse of process against the Trustee, the Debtor, and the Banks Defendants for their role in prosecuting a lawsuit brought in Bradley County Chancery Court, on August 6, 2010, by the Trustee and the Debtor, Docket No. 2010-CV-251, against Anderson; Exit 20 Auto Mall, LLC; Nelson E. Bowers, II; and Grant, Konvalinka, and Harrison, P.C. ("GKH") ("Malpractice Lawsuit").  *See* [Adv. Proc. No. 11-1118, Doc. No. 1-1, Ex. 1 ("Malpractice Complaint")].

When the Debtor failed to file an answer to Anderson's Complaint in this proceeding, Anderson moved for a default judgment against the Debtor. [Doc. No. 32]. The court scheduled a hearing on the motion for default judgment, and the day before the hearing, the Debtor, acting pro se, filed a "Steve Allen 'Toby' McKenzie's Response to John Anderson's Default Judgment and Lawsuit against John Anderson and John Konvalinka." [Doc. No. 40]. The court held a hearing and issued a memorandum and order denying Anderson's motion for default judgment against the Debtor. [Doc. No. 46].

The LeRoy Defendants and the Trustee moved to dismiss the claims against them on the basis of immunity. [Doc. Nos. 22, 31]. The court granted the motions of the LeRoy Defendants and the Trustee. [Doc. No. 48, 49]. Anderson filed a "Precautionary Notice of Appeal" of the court's order dismissing the LeRoy Defendants and the Trustee. [Doc. No. 56]. Although Anderson filed the notice of appeal, the LeRoy Defendants and the Trustee are the parties moving to certify the order of dismissal as final. [Doc. No. 58].

The Trustee has now filed a motion to dismiss the appeal as an alternative. [Doc. No. 67]. Anderson has failed to respond to the motion to dismiss the appeal.

### B.     Related Adversary Proceedings

#### 1.     The 50 Acre Malicious Prosecution Lawsuit

The Plaintiff's claims against the LeRoy Defendants and the Trustee are not the first such claims against these defendants to be addressed by this court. On February 11, 2011 the law firm of GKH filed suit against the LeRoy Defendants, the Trustee, and the Banks Defendants claiming malicious prosecution and abuse of process for filing the 50 Acre Lawsuit in this court ("50 Acre M/P Lawsuit").  [Adv. Proc. No. 11-1016, Doc. No. 1, ("50 Acre M/P Lawsuit Complaint")].  The firm had previously represented the Debtor before his bankruptcy filing; was a co-defendant with Anderson in the 50 Acre Lawsuit and the Malpractice Lawsuit, and is the firm that employs Anderson as a partner. The factual allegations and the two claims raised by GKH against the LeRoy Defendants and the Trustee are almost identical to the factual allegations and claims raised by Anderson in this adversary proceeding. The LeRoy Defendants and the Trustee both moved to dismiss the 50 Acre M/P Lawsuit. *See* [Adv. Proc. No. 11-1016, Doc. Nos. 41, 48]. This court ultimately dismissed GKH's claims of malicious prosecution and abuse of process against all of the defendants in the 50 Acre M/P Lawsuit on the grounds of immunity. [Adv. Proc. No. 11-1016, Doc. Nos. 68, 69]. GKH appealed the court's decision to the U.S. District Court for the Eastern District of Tennessee. [Adv. Proc. No. 11-1016, Doc. No. 72]. On June 27, 2012 the district court affirmed this court's ruling on immunity. [Adv. Proc. No. 11-1016, Doc. Nos. 76, 77]. GKH has now appealed that ruling to the Sixth Circuit Court of Appeals.

#### 2.     The Consolidated Malpractice Malicious Prosecution Lawsuits

The allegations regarding Anderson's claims arising from the Malpractice Lawsuit are also familiar to this court. GKH previously raised malicious prosecution and abuse of process

4

arising from the actions of the Trustee, the Debtor and their counsel in bringing the Malpractice Lawsuit in Bradley County, Tennessee in two adversary proceedings before this court. Anderson was a codefendant with GKH in the Malpractice Lawsuit. GKH preceded Anderson in bringing a malicious prosecution and abuse of process case against the Trustee, the Debtor, and their joint counsel, the Banks Defendants, based on the prosecution of the Malpractice Lawsuit, Adversary Proceeding No. 11-1118 ("GKH Malpractice M/P Lawsuit"). [Adv. Proc. No. 11-1118, Doc. No. 1]. The Trustee moved for dismissal of GKH's malicious prosecution and abuse of process claims on immunity grounds. [Adv. Proc. No. 11-1118, Doc. No. 17]. This court granted the Trustee's motion to dismiss on immunity grounds. [Adv. Proc. No. 11-1118, Doc. Nos. 22, 23]. The Trustee made a very similar motion in this case and has been dismissed.

   At the same time GKH brought the GKH Malpractice M/P Lawsuit in this court, GKH brought identical claims in a second lawsuit filed against the same defendants in the Circuit Court of Hamilton County, Tennessee, Docket No. 11C967. The Trustee removed GKH's state court case to this court and it became Adversary Proceeding No. 11-1121. [Adv. Proc. No. 11-1121, Doc. No. 1, Notice of Removal]. GKH filed a motion for remand and requested that the court abstain from hearing GKH's claims arising from the Malpractice Lawsuit. It also requested that the court consolidate Adversary Proceeding No. 11-1118, the GKH Malpractice M/P Lawsuit, with the removed action, Adversary Proceeding No. 11-1121. [Adv. Proc. No. 11-1121, Doc. No. 3]. As he had in the two other proceedings, the Trustee then moved to dismiss Adversary Proceeding No. 11-1121 on immunity grounds. [Adv. Proc. No. 11-1121, Doc. No. 5]. The court granted the Trustee's motion to dismiss on immunity grounds. [Adv. Proc. No. 11-1121, Doc. Nos. 14, 15]. The court then granted GKH's motion to remand and consolidate. It consolidated the two adversary proceedings and remanded GKH's claims against the Banks

Defendants and the Debtor to state court in Hamilton County, Tennessee. [Adv. Proc. No. 11-1121, Doc. Nos. 16, 17].

In the memorandum accompanying the abstention and remand order, the court concluded that the Banks Defendants' role as counsel for both the Trustee and the Debtor in the Malpractice Lawsuit rendered some of GKH's claims against them core and some of the claims non-core, but related to the bankruptcy. The court nevertheless granted GKH's motion to abstain from hearing its claims against the Debtor and Banks Defendants. [Adv. Proc. No. 11-1121, Doc. No. 16]. Having decided that mandatory abstention applied to the claims against the Debtor and that permissive abstention was appropriate for the claims against the Banks Defendants, the court then remanded GKH's remaining claims to state court. GKH appealed both the court's ruling on Trustee immunity and the court's decision to split the claims against the Trustee from the other claims and remand only the remaining claims. [Adv. Proc. No. 11-1121, Doc. Nos. 21, 23]; [Adv. Proc. No. 11-1118, Doc. No. 26].

The district court has not yet ruled on this court's decisions pertaining to dismissal of the Trustee and remand and consolidation of the GKH Malpractice M/P Lawsuit and Adversary Proceeding No. 11-1121.

Running parallel with this adversary proceeding is also an adversary proceeding filed by Nelson E. Bowers, II, another codefendant in the 50 Acre Lawsuit and the Malpractice Lawsuit with Bowers and GKH. He too has claimed that the Trustee and his counsel maliciously pursued these lawsuits and abused process. *See* [Adv. Proc. No. 11-1169, Doc. No. 1]. In that case, the Trustee and the LeRoy Defendants obtained a dismissal of the claims against them on the basis of immunity. A motion to certify that order as final has also been filed.

In summary, one transaction occurring in December of 2008 involving the Debtor's

6

interest in a limited liability company and the transfer of that company's real property was the basis of two lawsuits filed by the Trustee. The two lawsuits are the 50 Acre Lawsuit and the Malpractice Lawsuit. Those two suits have in turn spawned four adversary proceedings filed by three of the defendants in the Trustee's lawsuits alleging malicious prosecution and abuse of process. These four adversary proceedings are: (1) Adversary Proceeding No. 11-1016, the GKH 50 Acre M/P Lawsuit; (2) Adversary Proceeding No. 11-1118, the GKH Malpractice M/P Lawsuit (which was consolidated with Adversary Proceeding No. 11-1121); (3) Adversary Proceeding No. 11-1169 filed by codefendant Bowers; and (4) Adversary Proceeding No. 11-1170, this adversary proceeding. The court has dismissed the Trustee and the LeRoy Defendants on the basis of immunity from each of them. All of them have been appealed. One appeal is at the Sixth Circuit Court of Appeals. The consolidated adversary proceeding is at the district court. The remaining two, including this one, are the subject of motions to certify this court's orders as final.

      **C.**      **Parties' Position Regarding Remaining Claims**

The court held a scheduling conference in this adversary proceeding on June 19, 2012. [Doc. No. 71]. During the conference, counsel for the Banks Defendants stated, "we plan to file a motion to dismiss and to remand to state court in view of the posture of pending cases as they relate, especially as the court has ruled on other matters arising from the same, same facts and to the extent that may affect this whole analysis, I raise that issue now." [Statements of Andrew Pippenger, Counsel for the Banks Defendants, Scheduling Conference, June 19, 2012 at 2:17 p.m.]. This court continued the scheduling conference for sixty days so that the parties could determine whether the adversary proceeding could be dismissed and refiled in state court pursuant to an agreement by the parties.

7

The Banks Defendants have now moved to dismiss the claims against them that relate to their representation of the Trustee and have moved to remand the claims that relate to their representation of the Debtor to Bradley County Circuit Court. [Doc. No. 63]. The court has granted their motion to dismiss with respect to their representation of the Trustee in the 50 Acre Lawsuit. The court denied their motion to dismiss with respect to their representation of the Trustee in the Malpractice Lawsuit since their representation was also of the Debtor. The court denied their motion to remand. [Doc. Nos. 71, 72].

**II.      Analysis**

Federal Rule of Civil Procedure 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

Generally, an order granting absolute or qualified immunity is not immediately appealable in the absence of a Rule 54(b) certification. *See Coe v. Ziegler*, 817 F.2d 29 (6th Cir. 1987); *Bryant v. Carlisle*, No. 90-1610, 1990 WL 85168 (6th Cir. June 18, 1990). The Sixth Circuit has outlined the requirements for a Rule 54(b) certification:

> Rule 54(b) certification requires two independent findings. First, the district court must expressly "direct the entry of final judgment as to one or more but fewer than all the claims or parties" in a case. Second, the district court must "express[ly] determin[e] that there is no just reason" to delay appellate review.

*General Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022 (6th Cir. 1994) (quoting Fed. R. Civ. P. 54(b) and citing WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D §

2655 (1983 & Supp. 1983)).

In *Curtiss-Wright Corp. v. General Electric Co.* the U.S. Supreme Court explained what a final judgment entails:

> A district court must first determine that it is dealing with a "final judgment." It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action."

446 U.S. 1, 7, 100 S.Ct. 1460, 1464 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436, 76 S.Ct. 895, 900 (1956)). With respect to determining whether there is any "just reason for delay" the Supreme Court also offered guidance:

> Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims. The function of the district court under the Rule is to act as a "dispatcher." It is left to the sound judicial discretion of the district court to determine the "appropriate time" when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised "in the interest of sound judicial administration."

*Id.* at 8, 100 S.Ct. at 1465.

The Sixth Circuit has:

> articulated the following "nonexhaustive list of factors which a district court should consider when making a Rule 54(b) determination":
> (1) the relationship between the adjudicated an unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counter-claim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*General Acquisition, Inc.*, 23 F.3d at 1030 (quoting *Corrosioneering, Inc. v. Thyssen Environmental Sys., Inc.*, 807 F.2d 1279 (6th Cir. 1986)).

There is precedent for certifying an award of immunity for appeal under Rule 54(b) under

certain circumstances. For instance, in *Mott v. Lucas*, the district court addressed whether a plaintiff could appeal a determination that the doctrine of immunity barred his malicious prosecution claim based on Rule 54(b). No. 1:10CV164, 2011 WL 3705131 (N.D. Ohio Aug. 23, 2011). It determined that the dismissal of plaintiff's malicious prosecution claims on immunity grounds was appropriate for Rule 54(b) certification because three defendants in the case were already appealing the denial of their requests for qualified immunity. *Id.* at *3. The arguments of the plaintiff and the defendants would involve the same factual record and would provide clarity regarding the defendants' entitlement to qualified immunity on the malicious prosecution claim. The court concluded that requiring the plaintiff to wait until the defendants' interlocutory qualified immunity appeal was resolved before it could appeal the malicious prosecution ruling would only cause needless delay. *Id.* The court held that "[p]laintiff's preference to expedite the ordinary course by which cases involving multiple claims and multiple parties proceed to finality under the Rules makes sense given the procedural posture of the case at bar." *Id.* Like the court in *Mott*, this court determines that the dismissal of the claims of malicious prosecution and abuse of process against the LeRoy Defendants and the Trustee are appropriate for certification of entry of final judgment pursuant to Rule 54(b).

The first step for this court in determining whether Rule 54(b) applies is whether a final judgment has been issued. *See* Fed. R. Civ. P. 54(b). The court concludes that it has issued a final judgment in this adversary proceeding with respect to the claims filed by Anderson against the LeRoy Defendants and the Trustee. The court has dismissed both claims of malicious prosecution and abuse of process against both of these defendants with prejudice on the basis of immunity. There are no more claims to adjudicate against either of these two defendants. Therefore, the court finds that its order meets the

requirements of *Curtis-Wright Corp.* by issuing a " 'judgment' in the sense that it is a decision upon a cognizable claim for relief," that is " 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" 446 U.S. at 7, 100 S.Ct. at 1464 (quotation omitted).

The next inquiry for this court to undertake is to consider whether there is no just reason for delay in allowing the issues resolved in this proceeding to continue to the appeal stage. In making this determination this court must demonstrate that it has considered the relevant factors provided by the Sixth Circuit in *General Acquisition, Inc.*, 23 F.3d at 1030.

The court finds that the first factor, the relationship between the adjudicated and the unadjudicated claims, weighs in favor of certifying this judgment as final. The court has dismissed all of the claims against the LeRoy Defendants and the Trustee as barred by the doctrine of trustee immunity. The Debtor does not have the defense of immunity to raise, and although the Banks Defendants may be entitled to the defense of immunity for their representation of the Trustee, they are not entitled to protection by immunity in their representation of the Debtor. Therefore, the immunity protections may not be available to the same extent to the remaining defendants in this proceeding. The court concludes that the claims against the Trustee and the LeRoy Defendants can be neatly segregated from the remaining claims against the Banks Defendants and the Debtor.

The second factor involves whether the need for review might be mooted by further proceedings in this court. The court finds that this factor again weighs in favor of certification. This is not a situation involving a denial of summary judgment that might be made moot following a trial on the merits. Rather, the court's Order represents a final

decision on the merits of all of the Plaintiff's claims against the Trustee and the LeRoy Defendants. The court will no longer be addressing any claims against these groups of defendants during this proceeding.

The third factor requires the court to consider whether the reviewing court might have to consider the issues a second time. The court finds that rather than making the reviewing court address the issues of this appeal a second time, certification of the appeal at this time might allow the district court to review Anderson's claims more efficiently by consolidating them with some of the remaining issues on appeal pertaining to the related adversary proceedings already on appeal in the district court. Unlike in the typical case, the district court is already addressing substantially similar claims by Anderson's co-defendant, GKH, in the appeals relating to the Malpractice M/P Lawsuit and Adversary Proceeding Number 11-1121. Further, although the reviewing court may have to address some issues of immunity pertaining to the Banks Defendants, those issues will be somewhat distinguishable from the issues presented by the LeRoy Defendants and the Trustee due to the dual role played by the Banks Defendants as counsel for the Trustee and counsel for the Debtor.

The fourth factor the court must consider is whether there is a claim or counterclaim that might result in a set-off. The court notes that the LeRoy Defendants and the Trustee have not filed any counterclaims against Anderson that would result in a set-off, thus complicating a piecemeal review at this time. Thus, this factor does not militate in favor of denying the motion for certification.

The final factor the court should address is the miscellaneous factor consideration. The court initially notes that this particular motion for certification represents just one

piece of a highly complex and interwoven set of adversary proceedings and motions in the main bankruptcy case, many of which are currently pending on appeal. Thus, there is an unusual set of circumstances present in this proceeding. Unlike a typical piecemeal appeal where a reviewing court might have to address the same facts and legal issues more than once, there is a possibility that by certifying the Order under Rule 54(b), this court may further the goal of judicial efficiency. The district court is currently reviewing the appeals in the consolidated Malpractice M/P Lawsuit. Thus, the court concludes that by certifying its Order as final, it may reduce the expenses of the parties, save time and promote efficient use of judicial resources by allowing the district court to rule on all of these factually interrelated appeals in close temporal proximity. The court finds that the miscellaneous factors in this proceeding, including time, expense, and judicial efficiency, all weigh in favor of certifying the Order as final pursuant to Rule 54(b).

With respect to any potential argument that the Trustee and the LeRoy Defendants should be precluded from obtaining certification when they have long argued the inter-related nature of all the claims against all the Defendants, the court finds that the Defendants' arguments in opposition to the motion for default represented different concerns that are not present now. When opposing the motion for default judgment against the Debtor, the LeRoy Defendants and the Trustee were concerned about the implications that might result from an admission through default of all of the factual allegations made by Anderson against the Debtor. The admission of those facts would have ripple effects on the ability of the other defendants to make arguments in their own defense. *See Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 329-30 (W.D. Mich. 2000). In contrast, at this point in the proceeding, the court has dismissed the

13

claims of the LeRoy Defendants and the Trustee on their merits, and has examined the allegations of Anderson and the law. Thus, there was no admission by default to consider at this time. Therefore, the inter-related nature of the claims is less of a concern at this procedural posture.

### III. Conclusion

The court concludes that pursuant to Rule 54(b), its May 18, 2012 Order is a final judgment and that there is no just reason to delay appellate review. Accordingly, the court will ORDER and EXPRESSLY DIRECT entry of a final judgment pertaining to the LeRoy Defendants and the Trustee on Anderson's claims against them.

A separate order will enter.

# # #